# Johnson *v.* The State.

## *Murder.*

(Decided May 20, 1915. Rehearing denied June 18, 1915.
69 South. 396.)

1. *Witnesses; Bias; Credibility.*—The fact that a witness, before the preliminary trial of defendant, had received an assurance from a relative of deceased, who was active in the prosecution, and who had shown a tendency to color the facts, that if the witness would stand by the state in the prosecution, the case which such relative had against the witness would be dropped, was material as showing bias, if the assurance was given, and it was error to exclude it.

2. *Same.*—Such error was not cured by the action of the court in subsequently offering to allow defendant on the cross-examination of such relative to ask him such question, and if he denied the facts sought to be proven thereby, to recall the previous witness, as such offer would require as a prerequisite to defendant's right to examine

[Johnson v. The State.]

the witness as to a material matter,. that defendant first disproved that fact by the evidence of a relative of deceased.

3. *Criminal Law; Solicitors.*—Under section 7781, Code 1907, solicitors may accept the assistance, in their discretion of duly licensed, practicing attorneys.

4. *Same.*—It is immaterial that an attorney aiding a. solicitor in the prosecution of a criminal case was employed by those interested in such prosecution.

5. *Charge of Court; Covered by Those Given.*—It is not error to refuse charges substantially covered by written instructions given.

6. *Same; Invading Province of Jury.*—A charge asserting that if there was one fact proven which was inconsistent. with defendant's guilt, he must be acquitted, was invasive of the province of the jury and. properly refused.

7. *Same; Misleading.*—Such a charge was also misleading, and properly refused as such.

8. *Trial; Argument of Counsel.*—The argument of counsel stated and examined and held to be within the bounds of legitimate argument.

(Brown, J., dissents in part.)

APPEAL from Winston Circuit Court.

Heard before Hon. C. P. ALMON.

Luther Johnson was convicted of murder, and he appeals. Reversed and remanded.

(This case was reviewed by the Supreme Court on certiorari and the writ denied. See 193 Ala. 678, 69 South. 1020.—Reporter.)

The facts sufficiently appear. Charge 28 refused the defendant is as follows: "If there is one fact proven in this case, which one fact is not consistent with the guilt of the defendant, then under the law you must acquit him."

The following exceptions were reserved to the following language of counsel for the state, while addressing the jury: "His expression like his last act was that of murder." "Why did they go around these poor girls when their father was lying out there dead, and ask them who did it." "William Manasco is not here to testify; if he was, he would probably corroborate his two

girls." "It appears to me from the logic of the evidence in this case that it was an unprovoked shooting of Manasco."

J. J. RAY, M. L. LEITH, NORMAN GUNN, and MAYHALL & STAGNER, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

BROWN, J.—This is the third appeal in this case, and in the reports of the case on the former appeals will be found a summary of the facts attending the homicide.—*Johnson v. State*, 4 Ala. App. 47, 57 South. 593; *Johnson v. State*, 8 Ala. App. 14, 62 South. 450; *Ex parte Johnson*, 183 Ala. 88, 63 South. 73.

It is sufficient to say that the evidence on the part of the state tended to show that the homicide was unprovoked and unjustifiable, while that offered by the defendant tended to show that the defendant acted in self-defense.

(1) Before the witness Harper was examined by the state, the fact was developed in the testimony of Lula Edwards, a daughter of the deceased, that Kirk Dodd was the uncle of Lula Edwards, and that he had been taking an active interest in the prosecution, and had "posted" the witness Lula Edwards, as a result of which she had testified on a previous trial that she knew who shot her father, when as a matter of fact her testimony on the last trial showed that she did not know who fired the shots that caused his death. In view of this evidence and the relation of Dodd to the deceased, and the tendency of the evidence showing Dodd's disposition to color the facts bearing upon the homicide, the court fell into error in sustaining the objections of the solic-

[Johnson v. The State.]

itor to the questions eliciting testimony to the effect that
the witness, before the preliminary trial of the defend- .
ant, received the assurance from Dodd, who was the
prosecutor in a case against the witness, that if he would
stand by the state in this prosecution, the case against
the witness would be dropped. If such assurance was
given the witness and in pursuance thereof he gave evi-
dence favorable to the prosecution, it was a material
fact to which the defendant was entitled, as showing
bias or prejudice, and proper to be considered by the
jury in weighing the testimony of the witness.—*Lodge
v. State,* 122 Ala. 97, 26 South. 210, 82 Am. St. Rep.
23; *Prince v. State,* 100 Ala. 144, 14 South. 409, 46 Am.
St. Rep. 28; *Southern Ry. Co. v. Crowder,* 130 Ala. 265,
30 South. 592; *Hosey v. State,* 5 Ala. App. 8, 59 South.
549; *Houston Bircuit Co. v. Dial,* 135 Ala. 168, 33 South.
268; *Ott v. State,* 160 Ala. 31, 49 South. 810; *A. G. S.
R. R. Co. v. Johnston,* 128 Ala. 295, 29 South. 771; *Har-
well v. State,* 11 Ala. App. 190, 65 South. 702.

In *Prince v. State, supra,* the court observed: "In
weighing testimony the jury ought to be in possession
of all facts calculated to exert any influence upon the
witness. It cannot be said as a conclusion of law that
an employee, testifying in a matter in which he knows
his employer interested personally or pecuniarily, is, or
is not, wholly unbiased. It is proper for the jury to
know the character of the interest of the employer, how
it is to be affected, and in what way it is manifested."

In *Commonwealth v. Sackett,* 22 Pick. (Mass.) 394:
"On a cross-examination great latitude is allowed to
counsel in putting questions to test the accuracy or cred-
ibility of the witness, and the limitation of the inqui-
ries in respect to matters irrelevant to the point in issue
must depend on the discretion of the court trying the

cause; and in such a case the decision of the common pleas is not subject to revision in this court. But we think that the question whether a reward had not been offered to the witness in relation to the testimony which he should give in a certain class of cases, comprehending this case, was material to the issue under consideration, and it was a matter of right for the party to have it answered."

In *Harwell v. State, supra*, this court, speaking by Walker, P. J., said: "On the cross-examination of the witness the defendant was entitled to bring out any fact having a tendency to impeach his impartiality. It is not to be denied that the jury, in determining whether or not the witness was under the influence of a bias that might affect the weight to be accorded his testimony, should have been permitted to look, not only to the fact that he had been employed to obtain incriminating evidence against the defendant, but to the amount of compensation he expected to receive for the service rendered by him in that regard."

(2) The action of the court in offering to allow the defendant, on the cross-examination of Dodd, to ask the same questions that had been propounded to Harper, and to be proved by Harper's answers to those questions, the court would have Harper recalled, did not cure the injurious effects of the error. The effect of this offer was to fix as a prerequisite to the defendant's right to cross-examine Harper as to a fact material to his defense that the defendant first disprove that fact by the witness Dodd, who is shown to have been active in the prosecution of the defendant.

(3, 4) The control of the prosecution, in so far as presenting the state's case is concerned, was in the hands of the solicitor, upon whom the statute imposes the duty

of representing the state in the prosecution.—Code 1907, § 7781. There is nothing in the statute or the policy of the state as expressed therein which denies the solicitor the right to accept assistance from a duly licensed practicing attorney, who is a sworn officer of the court. The acceptance of such assistance in a prosecution where he is not disqualified is entirely a matter within the discretion of the solicitor. It is certainly not a matter in which the defendant has any voice. And the fact that the attorney was employed by those interested in the prosecution is wholly immaterial.—*Shelton v. State*, 1 Stew. & P. (Ala.) 208; 12 Cyc. 532; *State v. Kent*, 4 N. D. 577, 62 N. W. 631, 27 L. R. A. 686.

In *Shelton v. State, supra*, where this question was expressly dealth with by the Supreme Court, it was said: "'Now the fact is well known that prisoners usually employ men of the strongest talents, and the more important the case, the more distinguished the defending counsel generally are; and if the state is never to be aided in her prosecutions the contest would often be too unequal for the purposes of justice. Nor can I conceive that much is to be apprehended from a practice that has long prevailed throughout our country. The assisting counsel would be under the control of the court, and the solicitor, a sworn officer, charged with the important trust of public prosecutions, would be guilty of a great dereliction of duty, if he connived at collusions for acquittal, or permitted cruel and unjust prosecutions."

In the opinion of the court in *State v. Kent, supra*, will be found a very able discussion of the question, in which the same conclusion is reached as announced above, and to which we refer as justifying these conclusions.

10—18

The court did not err in overruling the objection to the appearance of Mr. Davis, who assisted in the prosecution.

(5) The propositions stated in charge 3, refused to the defendant, were given to the jury in charges 6 and 23, and it was not error to refuse the charge.

(6, 7) Charge 38 was properly refused, as it was invasive of the province of the jury and misleading.—*Ex parte Davis et al.,* 184 Ala. 26, 63 South. 1010; *Walker v. State,* 117 Ala. 42, 23 South. 149.

(8) The observations of counsel for the state in argument were within the gounds of legitimate argument, and the rulings on the trial with reference thereto were without error.

For the error pointed out, the judgment of the circuit court must be reversed, and a new trial ordered.

Reversed and remanded.

### ON REHEARING.

This case was submitted on the motion of the Attorney General to dismiss the appeal for failure of appellant to file the statement of appeal required by rule 43 (175 Ala. xx, 61 South. viii). There is no pretense that any effort was made to comply with this rule, and if this rule means anything at all, it should be enforced. If it is to be given the construction placed on it in the majority opinion in *Rivers v. State, infra,* 69 South. 387, then it is useless, as rule 41 (32 South. iv) as construed and applied in *Cudd v. Reynolds,* 186 Ala. 207, 65 South. 41, covers this field. In the opinion of the writer, the rule is a good one, and should be enforced by dismissal of the appeal in this case, for the reasons pointed out in the dissenting opinion in *Rivers v. State.*

[Ingram v. The State.]

The other members of the court hold otherwise, and on the authority of the majority opinion in the above-cited case the motion to dismiss the appeal is overruled.

If the proposition made by Dodd to the witness Harper was that if he would stand by the prosecution and give evidence against the defendant, the case against the witness would be dismissed, then, in view of the fact that Harper testified, and that his testimony was detrimental to the defendant, the question as to whether he accepted the proposition of Dodd and was biased thereby, or whether he was testifying truthfully and without bias, was for the jury, and not for the court.

Application for rehearing overruled.