(75 South. 830)

## JONES v. STATE. (4 Div. 461.)

(Court of Appeals of Alabama. April 10, 1917. On Rehearing, June 26, 1917.)

1. CRIMINAL LAW ☞639(2)—TRIAL—RECORD —SUFFICIENCY.

A record showing that "the regular solicitor of this court, being absent and not in attendance by reason of of his sickness, the presiding judge of this court appointed * * * a competent attorney practicing in this court as special solicitor," is sufficient.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1486, 1487, 1490, 1491, 1493.]

2. CRIMINAL LAW ☞452(2) — EVIDENCE — OPINION—ADMISSIBILITY.

A witness who did not show himself qualified to distinguish between the cries of a sane and an insane person could not testify that the sounds he heard were those of the cry of an insane person.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1054.]

3. WITNESSES ☞344(2)—IMPEACHMENT—EVI-DENCE—ADMISSIBILITY.

In prosecution for murder, accused could not question an adverse witness whether he went on a frolic and told no one of it on the theory that his failure to tell of the incident would tend to impeach his testimony.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1125.]

4. HOMICIDE ☞174(6) — EVIDENCE—ADMISSI-BILITY.

In prosecution for murder, it was not error to admit testimony that witness saw blood on a pile of shucks in a barn near which deceased was killed.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 364.]

5. WITNESSES ☞319—IMPEACHMENT—IMMA-TERIAL TESTIMONY.

A witness cannot be impeached upon an immaterial question.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1087–1093.]

On Rehearing.

6. ATTORNEY GENERAL ☞7 — PROSECUTING ATTORNEY—APPOINTMENT.

Under Acts 1915, p. 719, authorizing the Attorney General to direct a solicitor of one circuit to prosecute cases in another, no written order is required to show the authority of such visiting solicitor.

[Ed. Note.—For other cases, see Attorney General, Cent. Dig. §§ 8–10.]

7. CRIMINAL LAW ☞660 — PROSECUTING AT-TORNEY—RIGHTS OF DEFENDANT.

One accused of a crime cannot complain as to who conducted the prosecution for the state.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1536, 1537.]

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Rudolph Jones was indicted for murder in the first degree, was convicted of manslaughter, and from the judgment of conviction, he appeals. The facts necessary to a decision of this case sufficiently appear in the opinion. Affirmed.

See, also, 13 Ala. App. 10, 68 South. 690.

Farmer & Farmer, of Dothan, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] The first insistence of the defendant is that the record does not show that L. H. Brassell, who prosecuted for the state, was appointed by the court. The record shows the following order:

"R. H. Parks, the regular solicitor of this court, being absent and not in attendance by reason of of his sickness, the presiding judge of this court appointed L. H. Brassell, Esq., a competent attorney practicing in this court, as special solicitor."

The record shows that this order was made by the court, and we are of the opinion that it is sufficient.

[2] The defendant sought to prove by the witness Peterson that in his opinion the hallooing he heard and to which he had testified in his direct examination was that of a crazy child. It not having been shown that he could distinguish between the halloo of a crazy child or a person in distress the ruling of the court was not error; especially is this so, as the witness testified that, "I could not tell what it was hollering."

[3] After Lightner, a witness for the state, had testified that on the night in question he and another had passed defendant and Frank Palmer in the road, and that a man was lying near the road where defendant and Palmer were, and that defendant said it was a dead man, and Palmer said it was not a dead man, the defendant sought to prove by the witness that he went on a frolic and did not tell anybody of the incident—this,

we presume, on the theory that the witness' failure to tell of the incident would tend to impeach his testimony. In our opinion this would not tend to weaken his testimony, and the court properly excluded it, because there was nothing suspicious in view of the circumstances.

[4] The defendant objected to and moved to exclude the testimony of the witness Holly, who testified to seeing some blood on a pile of shucks in the barn of Frank Palmer some time after the killing. If this testimony did not shed any light on the killing, as claimed by the defendant, it certainly did not injure his cause or prejudice the jury against him; and on the authority of Brindley v. State, 193 Ala. 43, 69 South. 536, Ann. Cas. 1916E, 177, the court did not err in its ruling on this question. Furthermore, the evidence tended to show that the deceased was killed near Palmer's place, where the barn was.

[5] The testimony sought to be brought out from Crapps that deceased came to Thomas' house and Kirkland went in the house and brought Thomas out to where deceased was, and that a few minutes after defendant left him that night he heard him holler and tell John White that he had found a man up the road, that the man was Jno. Kirkland, and that he was drunk and asleep beside the road, was immaterial to any issue in the case, and was properly excluded; and the foregoing applies to the testimony on page 39 of the transcript as to whether Jno. Kirkland stood up by the fire. None of this testimony tended even remotely to connect Horace Thomas with the killing, and if it was for the purpose of impeachment it was not good, as a witness' testimony cannot be impeached upon an immaterial question.

We find no error in the record, and the judgment is affirmed.

Affirmed.

## On Rehearing.

Appellant's counsel earnestly insists that reversible error is shown in the record in this case because the minutes of the circuit court showing the organization of the court at the term when this case was tried recorded Hon. L. H. Brassell solicitor of the Twelfth judicial circuit as being present, when the court judicially knows that Hon. E. H. Hill is and was the solicitor for that circuit, and as authority to sustain the contention we are cited to the case of Joyner v. State, 78 Ala. 448. In the Joyner Case, the point was raised by a motion to quash the indictment. The court held that it was good because Mr. Simpson, who acted as solicitor, was not properly appointed, and therefore had no authority to administer the oath to witnesses before the grand jury. In the present case, the indictment was returned at a former term of the court, and no objection is here made to it, and no objection was made on the trial to the presence of Hon. L. H. Brassell, as solicitor (and indeed could not have been made), but objection is raised for the first time in this court.

[6, 7] Under act of the Legislature (Acts 1915, p. 719), the Attorney General is vested with the authority to direct the solicitor of one circuit to go into any other circuit to prosecute cases. No written order is required, and no order of the court is required to show the authority of such solicitor. The solicitor of the Twelfth circuit could have been legally present, and in the absence of evidence to the contrary, this court will so presume. Besides, the defendant cannot complain as to who conducted the prosecution for the state.

The other questions have been sufficiently answered in the opinion.

Application overruled.