(102 So. 628)

### HANDLEY v. STATE. (6 Div. 233.)

(Supreme Court of Alabama. Jan. 15, 1925.)

I. Homicide ⬅⟹214(2)—When dying declarations admissible against defendant stated.

Dying declarations to be admissible against defendant must have reference to facts and circumstances constituting a part of res gestæ of killing, and must be confined in their scope to act which causes death and its attendant circumstances.

2. Criminal law ⬅⟹737(1)—Facts must be determined by jury.

The facts in a criminal prosecution must be determined by jury.

3. Homicide ⬅⟹214(2)—Decedent's dying declarations erroneously admitted where without res gestæ of killing.

In murder prosecution, decedent's dying declarations that he and defendant had had trouble about another woman for some time, and that defendant had attempted to poison him, should have been excluded as being without the res gestæ of the killing.

4. Homicide ⬅⟹215(4) — Dying declarations held inadmissible as mere conclusions.

Decedent's dying declarations that defendant and her coconspirator had planned trip on which decedent was shot, and that if it hadn't been for them he wouldn't have gone, and that defendant knew that decedent and her coconspirator were left together, *held* inadmissible as mere conclusions to which a witness may not testify.

5. Criminal law ⬅⟹419, 420(1) — Testimony that decedent had charged defendant with attempts to poison him, held incompetent.

In murder prosecution, testimony that on sundry occasions decedent had charged defendant with attempts to poison him was inadmissible, standing alone as mere hearsay.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Emma Handley, alias Johnson, was convicted of murder in the first degree for the killing of Jim Johnson, her husband, and she appeals. Reversed and remanded.

Mathews & Mathews, of Bessemer, for appellant.

It is error to permit the state to offer evidence of the details of prior trouble between defendant and deceased. Byrd v. State, 209 Ala. 65, 95 So. 655; Lawrence v. State, 84 Ala. 424, 5 So. 33; Jones v. State, 116 Ala. 468, 23 So. 135. A conviction cannot be had

---

on the uncorroborated testimony of an accomplice. Code 1923, § 5635.

Ben G. Perry, Deputy Sol., of Bessemer, for the State.

Antecedent circumstances may be so connected as to shed light upon the transaction, and become admissible. Harden v. State, 211 Ala. 656, 101 So. 444; Minor v. State, 15 Ala. App. 562, 74 So. 98; Collins v. State, 138 60, 34 So. 993; Spicer v. State, 188 Ala. 20, 65 So. 972; Baalam v. State, 17 Ala. 453; Lewis v. State, 13 Ala. App. 34, 68 So. 792; Glass v. State, 147 Ala. 54, 41 So. 727; Maddox v. State, 159 Ala. 56, 48 So. 689.

SAYRE, J. Many rulings are in appellant's brief assigned for error, but such as need specific treatment may be grouped under two heads: (1) The overruling of appellant's objections to parts of the dying declaration, and (2) the admission, over appellant's objection of testimony to the effect that on sundry detached occasions deceased had accused defendant of efforts to poison him.

[1, 2] 1. Dying declarations, to be admissible against the defendant, must have reference to facts and circumstances constituting a part of the res gestæ of the killing. They must be confined in their scope to the act which causes death and its attendant circumstances. 8 Mich. Dig. p. 311, § 192. To employ the language of McClellan, J., in Johnson v. State, 102 Ala. 20, 16 So. 99, the facts declared must be connected with the killing by way of cause, effect, or incident, in the sense necessary to incorporate them in the res gestæ of the transaction. To clear the ground for the application of the foregoing rule it must be stated that defendant was being tried on an indictment which charged that she had killed her husband by shooting him with a pistol. The only witness to the main fact was one Isaac Hillman, who testified that he had shot and killed deceased, having been procured and paid by defendant to do so. There was evidence that defendant kept a boarding house at Bessemer; that she and her husband had become estranged by reason of his attentions to another woman and he was away from home; that, in pursuance of her purpose to dispose of him, defendant sent to deceased a message of conciliation and invitation to return home, which he did; that she then gave him money and sent him to get whisky, sending the witness along to show him where the whisky could be got; that deceased and witness went by trolley and jitney to a place miles away where they alighted from the jitney and went off the road and through the woods to the place where the witness did shoot and kill deceased. We intend only to state the tendencies of the evidence necessary to be considered in passing upon the exceptions to which we will refer. The facts must be determined by a jury.

[3, 4] Under the rule stated above the judgment of the court is that the following parts of the dying declaration admitted in evidence should have been excluded on defendant's objection—reserved separately as to each part—as being without the res gestæ of the killing, though as independent facts they might have been competent and relevant coming from the mouth of a witness on the stand who knew the facts: "Me and my wife have had trouble about another woman for some time," "I have suffered with kidney trouble for some time, having to take medicine all along," and "two weeks ago Emma [defendant] fixed me some medicine with bluestone and calomel, and gave it to me and it nearly killed me." Other parts of the declaration objected to—except those to which we shall refer presently—were admissible as tending to prove concert of action between defendant and Hillman leading immediately and without break up to the fact of the killing and so as a part of the res gestæ. But that "she and him [Hillman] planned the trip," that "if it hadn't been for them I wouldn't have gone," and "Emma knew that me and Isaac left together," were, under our decisions, mere conclusions to which a witness may not testify, and should have been excluded on defendant's objection taking the point.

[5] 2. The testimony that on sundry occasions deceased had charged defendant with attempts to poison him, in the shape in which it was submitted to the jury, was incompetent. The charge made by deceased, standing alone, was mere hearsay and was legal evidence of nothing. It is the fact that the defendant remains silent in the face of an accusation naturally calling for contradiction that is weighed against him. Campbell v. State, 55 Ala. 84. The record fails to show affirmatively that defendant remained silent on the occasions testified about except in one instance and then she denied the charge. These rulings were error.

Appellant complains that the evidence of the self-confessed accomplice was not corroborated. But our judgment is that this complaint is without merit. There was evidence corroborating the story of the killing told by the witness which, if believed beyond a reasonable doubt, tended to connect defendant with the commission of the crime charged in the indictment. Cobb v. State, 211 Ala. 320, 100 So. 466.

We find no other error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.