### HANDLEY v. STATE. (6 Div. 526.)

(Supreme Court of Alabama. Nov. 19, 1925. Rehearing Denied Jan. 21, 1926.)

1. Criminal law ⊚⟹703—Office of opening statement in advance of taking testimony stated.

Office of opening statement in advance of taking testimony is to acquaint jury, under guidance of court, with nature of issues presented, and may include an outline of evidence proposed to be offered.

2. Criminal law ⊚⟹1028—Supreme Court required only to review errors of trial court when properly presented.

Supreme Court is required only to review errors of trial court, and then only when party presents matters complained of to trial court so as to put it in error in failing to sustain his objections.

3. Criminal law ⊚⟹703—Court may consider whether proposed proof offered in opening statement of facts is illegal.

In dealing with an opening statement of facts to be proven, court may consider whether proposed proof is illegal, and may question counsel as to whether such proof will be forthcoming.

4. Criminal law ⊚⟹1171(2)—Error in opening statement of solicitor referring to dying declarations of deceased held not to require reversal.

In murder prosecution, that opening statement of solicitor, in referring to dying declarations of deceased, proposed to be offered in evidence, was improper as being too broad, *held* not to require a reversal, where proposed evidence was not per se illegal.

5. Criminal law ⊚⟹728(1)—Procedure to be followed where opening statement of solicitor as to facts to be proved is objectionable as being too broad, stated.

Where opening statement of solicitor of facts to be proved is objectionable as being too broad, it is proper to point out wherein proposed statement is illegal, or to call illegality to attention of court after evidence is in, and have objectionable statements withdrawn, or, if injury cannot be properly eradicated, matter should be presented in motion for new trial.

6. Criminal law ⊚⟹1171(2)—No reversal for failure to prove particular thing proposed in good faith.

Failure to prove a particular thing proposed in good faith will not ordinarily work a reversal.

7. Criminal law ⊚⟹640—Special counsel may appear as an assistant to solicitor with consent of court.

Special counsel may appear in criminal prosecution as an assistant to solicitor and with consent of court.

8. Criminal law ⊚⟹640—Motion by defendant to require special counsel to show his authority to appear in prosecution is properly overruled.

As consent of state is all authority needed by special counsel to appear in criminal prosecution as an assistant to solicitor, motion by defendant to require special counsel to show his authority is properly overruled.

9. Criminal law ⊚⟹1144(10)—Failure of state to see that no abuses arise from employing special counsel not presumed.

Official representative of state is required to see no abuses arise from employing special counsel to assist in criminal prosecution, and failure of duty in that regard will not be presumed unless made to affirmatively appear.

10. Criminal law ⊚⟹640—Protection of property rights is proper incentive to lending assistance to state in detecting and punishing crime.

Protection of property rights involved in commission of crime is proper incentive to

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lending assistance to state in detecting and punishing crime.

**11. Criminal law ⚖➡1169(2)—Refusal to permit defendant to show that insurance companies had retained special counsel assisting solicitor for state in murder prosecution not reversible error.**

In prosecution for murder, with theory that insurance policies on life of deceased, payable to defendant, furnished motive, refusal to permit defendant to show that insurance companies had retained special counsel assisting solicitor for state *held* not reversible error, where such showing would not have influenced jury in any way, and would have disclosed nothing material to defense which was not already known.

**12. Criminal law ⚖➡589(1)—Appearance of special counsel after jury organized and trial entered on held not to entitle defendant to have case withdrawn and continued.**

Appearance of special counsel after jury was organized and trial entered on did not entitle defendant to have case withdrawn and continued, where it did not appear that there was any personal relation between such counsel and any juror which put defendant at disadvantage in matter of challenges.

**13. Criminal law ⚖➡829(1)—Refusal of argumentative charge not error, where subject-matter covered by oral charge.**

Refusal of argumentative charge, which singled out portion of evidence, *held* not error, where subject-matter was fully covered by oral charge.

**14. Criminal law ⚖➡829(10)—Refusal of charge on corroborative evidence required in aid of testimony of accomplice not error in view of other charges.**

Refusal of long and involved charge relating to corroborative evidence required in aid of testimony of an accomplice *held* not erroneous, in view of Code 1923, § 5635, where it was fully and accurately embodied in other given charges.

**15. Criminal law ⚖➡829(10)—Refusal of charges that accomplice's testimony should be weighed with great caution held not error, in view of given charges.**

Refusal of charges that testimony of an accomplice should be weighed with great caution *held* not error, in view of charges covering Code 1923, § 5635, and weight to be given testimony of an accomplice and testimony of other witnesses.

**16. Homicide ⚖➡341—Refusal to instruct that murder is presumed to be of second rather than of first degree held harmless.**

Defendant having been convicted of murder in second degree, and thus acquitted of murder in first degree, refusal to instruct that murder is presumed to be of second rather than first degree is harmless.

**17. Witnesses ⚖➡255(2)—Unsigned statement, taken down as memorandum at time of defendant's statements to witness, held properly used by witness.**

In murder prosecution, witness *held* properly permitted to use unsigned statement taken down by witness as a memorandum at time of defendant's statements to witness, on proof that it was correctly taken down.

**18. Criminal law ⚖➡742(2)—Weight of evidence of accomplice that defendant hired him to commit murder was for jury.**

Weight of evidence of accomplice that defendant hired him to commit murder was for jury.

**19. Homicide ⚖➡29—Defendant guilty of murder, if she hired another to kill deceased.**

Defendant was guilty of murder, if she instigated and hired another to kill deceased.

**20. Criminal law ⚖➡720½—Argument of state's counsel in murder prosecution not error.**

Declaration, in argument by state's counsel, that defendant was a murderer, and that she had not committed some of lower offenses of homicide, *held* not error.

**21. Criminal law ⚖➡1037(1)—Argument of state's counsel not presented for review, in absence of timely objection.**

Alleged improper statements in arguments of state's counsel *held* not presented for review, where they were not timely objected to.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Emma Handley, alias Emma Johnson, was convicted of murder in the second degree, and she appeals. Affirmed.

Mathews & Mathews, of Bessemer, for appellant.

Special counsel should, on motion of defendant, have been required to show his authority for appearance in the case. Weeks on Attys, at Law. The opening statement of the solicitor was improper and prejudicial. Handley v. State, 212 Ala. 347, 102 So. 628. Charges 3 and 6 state correct propositions of law and were erroneously refused. Myers v. State, 43 Fla. 500, 31 So. 275; Stevens v. State (Tex. Cr. App.) 58 S. W. 96. Charges 9 and 10 were erroneously refused. State v. Miller, 190 Mo. 449, 89 S. W. 377; State v. Sprague, 149 Mo. 409, 50 S. W. 901; Wilson v. State, 71 Miss. 880, 16 So. 304; Brown v. State, 72 Miss. 990, 18 So. 431. There was error in rulings on testimony of Tillman. McAnally v. State, 74 Ala. 16; Beech v. State, 203 Ala. 529, 84 So. 753; Loper v. State, 205 Ala. 216, 87 So. 93; B. R., L. & P. Co. v. Hayes, 153 Ala. 178, 44 So. 1032. The remarks of state's counsel in closing argument were improper. Metropolitan L. I. Co. v. Carter, 212 Ala. 212, 102 So. 130.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Defendant's objection to special counsel assisting the regular prosecuting attorney was not well taken. Sanders v. State, 181 Ala. 35, 61 So. 336; Jones v. State, 16 Ala. App.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

154, 75 So. 830. Charges requested by defendant were properly refused. Pellum v. State, 89 Ala. 28, 8 So. 83; Hill v. State, 210 Ala. 221, 97 So. 639; Hunter v. State, 156 Ala. 20, 47 So. 133; Rigsby v. State, 152 Ala. 9, 44 So. 608; Clements v. State, 50 Ala. 117; Mitchell v. State, 60 Ala. 26. Objections to remarks in argument of state's counsel were not well taken. King v. State, 19 Ala. App. 154, 96 So. 636.

. BOULDIN, J. Emma Handley, alias Emma Johnson, was indicted for the murder of her husband, James Johnson, and convicted of murder in the second degree. The case was here on former appeal. Handley v. State, 212 Ala. 347, 102 So. 628. An outline of the evidence is there given.

In the opening statement of the solicitor, referring to the dying declarations of deceased proposed to be offered in evidence, he said: "In that dying statement he said that this woman took part in the killing." Continuing, the solicitor further said: "He (this dead man) told Emma that she killed him or was responsible for his being killed." With assurances to the court that he expected the evidence to show what he had stated, the court overruled objections of defendant, and exceptions were reserved.

[1] The office of an opening. statement in advance of taking testimony is to acquaint the jury, under the guidance of the court, with the nature of the issues presented. This may include an outline of the evidence proposed to be offered. 1 Thompson on Trials, § 261.

*"No Right to Rehearse Facts Which Cannot be Proved.*—Counsel has no right, in his opening statement, to rehearse before the jury facts which he is not in a condition to prove. It is the duty of the judge to see that this rule is not overstepped, and therefore he has a right to ask the counsel if he means to prove what he has stated. As was well said by Mr. Justice Graves: 'The decisions unite in substantially denying the right to get before the jury a *detail* of the testimony expected to be offered, and especially any not positively entitled to be introduced, and deny the right to use it as a cover for any topics not fairly pertinent.' " 1 Thompson on Trials, § 263.

We approve the above as a sound rule for the guidance of prosecuting officers in state cases. A dying statement of the deceased was reduced to writing and offered in evidence on the former trial. Certain statements were then declared subject to objection as mere conclusions of the witness. 212 Ala. 347, 102 So. 629.

It is insisted that the statements of the solicitor had the effect of bringing before the jury matters already condemned by the decision of this court. On the second trial, the objectionable statements were eliminated. Thus corrected, the statement tended "to prove concert of action between defendant and Hillman, leading immediately and without break up to the fact of the killing." But these conclusions were inferential from circumstances stated. The evidence does not disclose the categorical statement by the deceased that defendant "took part in the killing," or that he told "Emma that she killed him," etc. The statements of the solicitor were too broad.

[2, 3] Does this require a reversal of the case? As often said, we are called upon to review the errors of the trial court, and not the errors of others. The party must present the matters complained of to the trial court in such manner as will put the court in error in failing to sustain his objections. In dealing with an opening statement of facts to be proven, the court may consider whether the proposed proof is illegal, and may question counsel as to whether such proof will be forthcoming.

[4-6] The proposed evidence here was not per se illegal. Kindred statements were held illegal on the former hearing, because the context showed they were mere conclusions of the witness and not of known facts. In such case we think it the proper rule to point out wherein the proposed statement is illegal, or to call the matter to the attention of the court after the evidence is in, and have the objectionable statements then excluded or withdrawn. If it appears the injury cannot be properly eradicated, the matter should be presented in the motion for new trial. Failure to prove a particular thing, proposed in good faith, will not ordinarily work a reversal. People v. Gleason, 127 Cal. 323, 57 P. 592.

[7, 8] Special counsel may appear in the prosecution as an assistant to the solicitor and with the consent of the court. The management of the case remains with the official representative of the state, in whose name the special counsel appears. The consent of the state is all the authority needed by special counsel; hence a motion by defendant to require special counsel to show his authority is properly overruled. Shelton v. State, 1 Stew. & P. 209; Johnson v. State, 13 Ala. App. 140, 69 So. 396; Jones v. State, 16 Ala. App. 154, 75 So. 830. .

"In the absence of statute, the state cannot be compelled to disclose the names of private prosecutors or informers, especially where it is not shown that defendant will be prejudiced by the want of such information." 16 C. J. 801; State v. Fortin, 106 Me. 382, 76 A. 890, 21 Ann. Cas. 454; Barkman v. State (Tex. Cr. App.) 52 S. W. 69.

The rule is founded upon the public policy that encourages the citizen to give aid in the detection and punishment of crime. He need not assume the role of a prosecutor, but, with the consent of the state authorities, render assistance in the name of the state. Moreover, bringing to the attention of

the jury the names of those employing or paying special counsel may work an injustice to the state or to the defendant, as the case may be. Thus, if a popular subscription is raised to prosecute a man accused of crime, the publishing of the names of contributors might easily throw into the case a personal and popular influence highly injurious to the defendant. In the absence of some reason to the contrary, it is better that prosecutions proceed purely in the name of the state.

[9] We can easily conceive of abuses arising from unknown or secret interests employing counsel to prosecute in the name of the state. The official representative of the state has the first duty to see that no abuses arise, and a failure of duty in this regard will not be presumed unless made to affirmatively appear.

In this case it is suggested that insurance companies had some interest in the trial, and defendant was entitled to know if they retained the special counsel. The case had been once tried, and the defendant was then fully advised of the state's insistence that certain insurance policies upon the life of deceased payable to his wife, the defendant, furnished a probable motive for the murder, the defendant using Isaac Hillman as a ready tool for that purpose. It further fully appeared the prosecution and arrest of defendant followed immediately upon the commission of the crime, as the result of the disclosures of deceased by dying declarations, and through Hillman, the confessed accomplice, to the public officers. The alleged relation of the insurance policies to the homicide, and the consequent interest of the insurance companies, were fully known and in no sense a secret to defendant.

[10] The protection of property rights involved in the commission of crime is a proper incentive to lending assistance to the state in detecting and punishing crime.

[11] Assuming that a disclosure of the parties retaining Mr. Beddow as special counsel would have named the insurance companies, such fact would not, or should not, have influenced the jury in any way, and would have disclosed nothing material to the defense which was not already known.

[12] The appearance of special counsel after the jury was organized and the trial entered upon did not, as matter of right, entitle the defendant to have the case withdrawn and continued. If there was any personal relation between Mr. Beddow and any juror which put defendant at disadvantage in the matter of challenges, it is not made to appear; hence it is not shown there was abuse of discretion in denying the motion for continuance.

[13] Charge 3, refused to defendant, was argumentative and singled out a portion of the evidence. The oral charge fully instruct-

ed the jury touching the presumption of innocence, and that no conviction should be had unless convinced of guilt from the evidence beyond a reasonable doubt.

[14] Refused charge No. 6 is rather long and involved. The principle therein involved, namely, the corroborative evidence required in aid of the testimony of an accomplice, was fully and accurately embodied in given charges 5 and 7. Code 1923, § 5635; Lumpkin v. State, 68 Ala. 56; Malachi v. State, 89 Ala. 134, 8 So. 104.

Refused charges 9 and 10 seek to instruct the jury that "the testimony of an accomplice should be weighed with great caution," etc. Refusal of similar charges has been held error in Mississippi. Wilson v. State, 71 Miss. 880, 16 So. 304. It appears in that state a conviction may be had on the uncorroborated testimony of an accomplice. Where such rule prevails, there is stronger reason for giving such instructions than in states where, as in Alabama, the statute has provided the precaution—corroborative evidence tending to connect the accused with the crime.

[15] Having given this statute in charge, and further instructed the jury (given charge C) that, if they believe the witness "Isaac Hillman has sworn willfully falsely as to any material fact or matter in the case, you are authorized in your discretion to disregard the entire testimony of such witness," and further given in oral charge full instructions as to weighing the testimony of witnesses, including the consideration of their interest in the case, it was not error to refuse instructions 9 and 10.

[16] The defendant having been convicted of murder in the second degree, and thus acquitted of murder in the first degree, a refusal to instruct that murder is presumed to be of the second rather than of the first degree was harmless.

[17] There was no error in allowing the testimony of the witness Tillman, a proper predicate having been laid, as to statements made to him by defendant, nor to use an unsigned statement taken down at the time as a memorandum, upon proof that it was correctly taken down.

[18, 19] There was sufficient corroborative evidence tending to connect defendant with the crime to meet the requirement of the law. This, taken in connection with the direct testimony of the accomplice, supported the charge that defendant instigated and hired Hillman to commit the murder. The weight of this evidence was for the jury. If true, defendant is guilty of murder.

[20] The declaration in argument by state's counsel: "She is a murderer; she is a murderer. She is not some one who has committed some of the lower offenses of homicide" —did not transcend the bounds of legitimate argument. 1 Thompson on Trials, § 980.

[21] Several statements in argument presented here were not objected to at the time, and need not be further considered.

We have carefully considered other rulings upon evidence, objections to argument and refused charges, and find no ground of reversal in them. They will not be discussed in detail.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.