81 So.2d 619

**Ellon MEEKS**

v.

**STATE.**

4 Div. 837.

Supreme Court of Alabama.

June 30, 1955.

---◆---

J. C. Fleming and Robt. Cannon, Elba, and John C. Walters, Troy, for petitioner.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., opposed.

SIMPSON, Justice.

Petition for certiorari to the Court of Appeals. But one error pending trial is claimed. It is contended by appellant that the jury was coerced into returning a verdict late at night because they were advised by the trial court that the only available place to spend the night was in the county jail. With reference to this, after first admonishing the jury that by no means did he intend to hurry them into a verdict, the court said:

"Let me say this, gentlemen: There is no place, as most of you know, available here,—no hotels to keep you gentlemen; but the Sheriff tells us that the Jail—(interrupted)

"A Juror: O, no! (laughter)

"The Court: In all seriousness, gentlemen, the White side of the Jail down there is empty, and they have it clean, and they have new beds, new covers and everything and it is quite comfortable; and he tells us we can use that if you want to lie down and rest some. So go back in there and talk about it among yourselves and knock on the door and let us know what you would like to do."

Sometime later that night the jury returned the verdict.

 We quite agree with the Court of Appeals that no reversible error is made to appear. No exception was reserved to the action of the court in so advising the jury, nor was the matter presented by a motion for a new trial. There is, therefore, nothing up for review. Handley v. State, 214 Ala. 172, 106 So. 692.

Moreover, it seems quite clear that the conclusion of the Court of Appeals that no prejudice was done defendant was also correct. The colloquy between the judge and the jurors, which is fully set out in the opinion of the Court of Appeals, discloses that the judge's action in that regard was with commendable propriety, merely seeking to look after the welfare of the jurors as best he could with the limited facilities available in the rural town where the courthouse was situated.

Writ denied.

All the Justices concur.