92 So.2d 682

**Hugh W. McCAIN**

v.

**CITY OF MONTGOMERY.**

3 Div. 781.

Supreme Court of Alabama.

Nov. 15, 1956.

Rehearing Denied Feb. 28, 1957.

Truman Hobbs, Montgomery, for petitioner.

Knabe & Nachman, Montgomery, opposed.

GOODWYN, Justice.

This is a petition by Hugh W. McCain for certiorari to the Court of Appeals to review and revise the decision of that court in the case of McCain v. City of Montgomery, 92 So.2d 678.

Petitioner was convicted in the recorder's court of the City of Montgomery on a charge of assault and battery. He perfected an appeal to the circuit court of Montgomery County where his jury trial resulted in a verdict of guilty. From the judgment rendered on said verdict he appealed to the Court of Appeals. That court affirmed the trial court's judgment.

It is here insisted that the Court of Appeals committed error in approving the ruling of the trial court sustaining the city's objection to the following question asked of the prosecuting witness Cobb, viz.:

"Do you have any intention at the present time of bringing an action for civil damages against Hugh W. McCain for the incident you have testified concerning?"

In petitioner's brief and argument it is said that "the question is whether a defendant in a criminal case may inquire on cross-examination whether the prosecuting witness intends to file a suit for civil damages against the defendant for the same incident about which such witness has testified in the criminal case."

After discussing the merits of this contention, and reaching a conclusion contrary to petitioner's insistence, the Court of Appeals has this to say:

"Furthermore, under the testimony of Mr. Cobb that he had called Mr. Hinson the day following the attack upon him in reference to bringing a civil action for damages against this appellant, and requested Mr. Hinson to protect his interests, spelled out to the jury in clearest terms any bias or interest that might have been harbored by Cobb in his role as a witness. Had Cobb been permitted to answer the question, and had his answer been in the affirmative, nothing would have been added to the picture already drawn. The appellant was therefore not probably injured in any of his substantial rights."

Obviously, this is an application of the principle of "error without injury" (assuming that the trial court's ruling was error) which is embodied in Supreme Court Rule 45, Code 1940, Tit. 7, Appendix. As there provided:

"Hereafter no judgment may be reversed or set aside, nor new trial granted by this court or by any other court of this state, in any civil or criminal case, on the ground of * * the improper admission or rejection of evidence, * * * unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."

We do not feel that we would be justified in disturbing the Court of Appeals' conclusion that the error insisted on, if error, did not probably injuriously affect substantial rights of petitioner. But we think it appropriate to say that we pretermit consideration of whether the evidence objected to is admissible on cross-examination when it is material.

Writ denied.

LIVINGSTON, C. J., and SIMPSON and SPANN, JJ., concur.