228 So.2d 24

**S. E. BROOKS, alias**

**v.**

**STATE.**

**4 Div. 7.**

Court of Criminal Appeals of Alabama.

Oct. 21, 1969.

Rehearing Denied Nov. 11, 1969.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

Powell & Sikes, and James M. Prestwood, Andalusia, for appellant.

ALMON, Judge.

This is an appeal from a judgment of conviction of assault with intent to murder. Punishment was fixed at five years in the penitentiary. Appellant claimed self-defense.

The evidence tended to show that appellant was in the cafe business in the City of Andalusia. There was a controversy between him and the City Council over the parking arrangement in front of his cafe. Appellant was irritated at the Council because, according to him, the Council had stopped him from parking in front of his cafe.

The prosecuting witness, Manuel Russo, operated a service station in Andalusia and was on the City Council. Two witnesses testified that on the morning of January 25, 1957, they were in Russo's service station drinking coffee when Brooks entered. According to their testimony he came in the service station where Russo was sitting and said something about the parking situation. He then grabbed Russo by the collar and a struggle ensued. During the struggle, Brooks pulled a pistol from his right front pants pocket and shot Russo in the left plural cavity. The bullet entered from the front, causing hemorrhage and partial collapse of the left lung, and was removed from the back.

For appellant's version of the incident, we quote from the record:

"Q. Now when you went in Russo's place there what, if anything, did you say to Russo?

"A. I asked him why they wanted to stop me from parking down there, and he said that come under the head of their business. I said, well, if you stop me from parking in front of my place, trying to make a living, that comes under the head of my business. So he was standing, leaning up on the cash register. So from there he reached down and grabbed up a tire tool by the handle and struck me on the shoulder with the tire tool and knocked me through the window, and he was up over me with a tire tool and which, like they say, the gun was about to fall out, so I got it and was going to knock him in the head with it, and whether it went off with me or whether he made it go off, I don't know."

During the trial numerous exceptions were taken to the rulings of the court on the admission and exclusion of evidence. These numerous exceptions do not require treatment and consideration in detail since many of them raise similar questions.

During opening remarks to the jury, defense counsel moved for a mistrial on the ground that the special prosecutor was too familiar with one of the members of the jury. We quote from the record:

"MR. PRESTWOOD: * * * that the special prosecutor, Mr. Tipler, in his opening remarks, and during the course of his opening remarks, pointed to the heart of one of the jurors, almost touching the juror, if not doing so, showing the juror or members of the jury where Mr. Russo was struck by the bullet; and that juror is sitting on the front row at the extreme right end, and his name is Mr. James Goolsby.

"Now before the Court rules on this we would like for the Court to acknowledge that these things did occur—that Mr. Tipler did argue that and the Court saw that he did point his finger at the heart of Mr. Goolsby, almost touching him, if he did not touch him.

"MR. TIPLER: I don't know that he is called on to acknowledge anything. The record shows what it showed. I didn't touch the man.

\* \* \* \* \* \*

"MR. PRESTWOOD: We ask to prove it out of the presence of the jury.

"THE COURT: The jury will be at ease just a moment."

The motion was heard in the side room out of the presence of the jury. The other

defense counsel, A. R. Powell, Jr., the only witness, testified about the occurrence of the special prosecutor's conduct toward a member of the jury. At the conclusion of the hearing the following occurred:

"MR. PRESTWOOD: And let the record show that this entire proceeding has been outside the presence of the defendant, S. E. Brooks.

"MR. TIPLER: Hold it. We would like to go through it again if he is going to bring that in.

"MR. PRESTWOOD: We have made our point.

"MR. TIPLER: Before Mr. Prestwood leaves we ask that Mr. Brooks be brought in here where I was asked to come. I was told to come back here, and this was done at the request of the defendant's attorney. We ask that Mr. Brooks be brought back here and the testimony be read to him.

"MR. PRESTWOOD: We say there is nothing the State of Alabama can do to restore the defendant's right to be here when anything concerning his case is transpiring, and that it is beyond a curative point, if the Court please, and the burden is upon the State, as prosecutor, to see that this defendant receives all consideration as a defendant in a criminal case that he is entitled to.

"THE COURT: Let the record reflect that this hearing out of the presence of the jury was done at the request of counsel for the defendant.

"MR. PRESTWOOD: But not included in that request was that the defendant be denied presence at whatever transpired.

"THE COURT: All right.

"MR. TIPLER: I want to ask Mr. Powell: Did you all request that Mr. Brooks be brought in here?

"MR. POWELL: I didn't.

"MR. PRESTWOOD: I didn't either. That is not our burden. The burden is not on us.

"MR. TIPLER: That's argument then.

"MR PRESTWOOD: We simply asked the Court should this be made outside the presence of the jury, and thought it should be made out of the presence of the jury, and still think so.

"MR. TIPLER: He asked if it should be? Mr. Prestwood asked him to do it outside the presence of the jury. He didn't ask should it be outside the presence of the jury. He requested the Court to do it outside the presence of the jury. I take issue on that.

"MR. PRESTWOOD: I didn't state it in that fashion. I said should we do it?

"THE COURT: Read the record as to what happened before we came back here.

"THE COURT REPORTER (reading from his notes): 'MR. PRESTWOOD: We ask to prove it out of the presence of the jury.'

"MR. TIPLER: Now let the record show that if Mr. Prestwood wants to, we will be glad to go through this same procedure by calling his client in here and doing it all over again, if he wants to.

"MR. PRESTWOOD: And let the record show that as one of the attorneys for the defendant I am not taking the responsibility to do the curative work. It would be on the shoulders of the State in the first offer.

"MR. TIPLER: The same offer is made to Mr. Powell, if he wants to do it over again.

"MR. POWELL: I have the same reply to that as Mr. Prestwood did.

"THE COURT: Again, I deny the motion for a mistrial.

"MR. POWELL: We except."

Two questions arise from the portion of the record above quoted: (1) the undue

familiarity of counsel with a member of the jury and (2) the absence of defendant from the proceedings in the side room.

■ Matters of undue familiarity of counsel with a member of the jury, unless flagrant, more properly address themselves to the sound discretion of the trial judge and are not generally considered to be reversible error. The trial judge, being present, is in a better position to determine the prejudicial effect than a reviewing court. For a case involving an attorney patting a juror on the knee, see Smith v. State, 36 Ala.App. 646, 62 So.2d 473.

We are aware of the well established rule in this jurisdiction that a defendant on trial for a felony has a right to be present at every stage of his trial. Ex parte Bryan, 44 Ala. 402; Neal v. State, 257 Ala. 496, 59 So.2d 797; Montgomery v. State, 42 Ala.App. 345, 164 So.2d 717.

■ However, in this situation, we feel that there are several reasons why the general rule is not applicable: (1) this was merely a motion by defense counsel for a mistrial, not in the presence of the jury; (2) the motion was without merit; (3) the only witness who testified on the motion was appellant's own attorney who testified about an occurrence which happened in open court when appellant was present; (4) defense counsel made no effort to apprise the court of appellant's absence; (5) there being no dispute as to the facts of the occurrence, the question was one of law; (6) this was a side issue only and not one going to prove the guilt or innocence of the appellant; and (7) the record does not reflect whether appellant voluntarily absented himself or not. Presumably, he was aware of the side room proceeding because the request for the hearing was made in open court in his presence. No reason appears in the record for his absence.

Most of the cases which have been reversed in this jurisdiction have been situations where the court either instructed the jury or testimony was taken before the jury without the defendant's presence. We have found no cases in this jurisdiction directly in point; however, the case of Carroll v. State, 45 Ala.App. 80, 224 So.2d 917, cert. denied 224 So.2d 920, is persuasive.

The general rule in other jurisdictions is that no claim of error can be based upon the absence of a defendant, pending his trial on a criminal charge, from the courtroom, or from a conference between court and attorneys, during argument on or discussions of a question of law. See 144 A.L. R. 199 and 85 A.L.R.2d 1111.

Appellant argues in brief that he was deprived of a fair trial because the special prosecutor was employed by the prosecuting witness to represent him in a possible civil claim arising out of the same transaction.

■ In McCain v. City of Montgomery, 38 Ala.App. 568, 92 So.2d 678, cert. denied, 265 Ala. 551, 92 So.2d 682, we find:

"A defendant in a criminal prosecution is entitled to a fair and impartial trial, and nothing more. So long as the conduct of the special prosecutor comports to due and orderly procedure a defendant is in no position to complain as to who conducts the prosecution. Jones v. State, 16 Ala.App. 154, 75 So. 830. Certainly, as here, where special counsel acted with the consent of the regular prosecutor, and with permission of the court, no abuse of the discretion vested in the trial court in such matters is present. See also 42 Am.Jur., Prosecuting Attorneys, Section 10."

In Johnson v. State, 13 Ala.App. 140, 69 So. 396, cert. denied Ex parte State, 193 Ala. 682, 69 So. 1020, we find:

"The control of the prosecution, in so far as presenting the state's case is concerned, was in the hands of the solicitor, upon whom the statute imposes the duty of representing the state in the prosecution. Code 1907, § 7781.

There is nothing in the statute or the policy of the state as expressed therein which denies the solicitor the right to accept assistance from a duly licensed practicing attorney, who is a sworn officer of the court. The acceptance of such assistance in a prosecution where he is not disqualified is entirely a matter within the discretion of the solicitor. It is certainly not a matter in which the defendant has any voice. And the fact that the attorney was employed by those interested in the prosecution is wholly immaterial. Shelton v. State, 1 Stew. & P. (Ala.) 208; 12 Cyc. 532; State v. Kent, 4 N.D. 577, 62 N.W. 631, 27 L.R.A. 686."

See also Handley v. State, 214 Ala. 172, 106 So. 692 (1926); Oliver v. State, 234 Ala. 460, 175 So. 305 (1937); and Owens v. State, 40 Ala.App. 36, 109 So.2d 141, affirmed on cert. 268 Ala. 506, 109 So.2d 144.

Fred Brawner testified for the State, over objection, that he went to appellant's cafe around 6:00 A.M. on the day of the incident and that while he was there he heard appellant say, "he was mad because they wouldn't let him park in front of the place of business," and, "he was going to get one of the city councilmen."

■■ Threats by the accused directed toward the victim are admissible to show malice and criminal intent. See Rains v. State, 88 Ala. 91, 7 So. 315; Cribbs v. State, 86 Ala. 613, 6 So. 109; Lawrence v. State, 84 Ala. 424, 5 So. 33.

■ A threat is not rendered inadmissible because it is directed at a class of people when the victim is a member of that class. Ford v. State, 71 Ala. 385; Montgomery v. State, 160 Ala. 7, 49 So. 902; Finney v. State, 10 Ala.App. 39, 65 So. 93.

Appellant further contends that the trial court committed error in permitting the prosecuting witness Russo to testify that Fred Brawner came by his station and told him about the threats that appellant had made earlier that morning. We note from the record that Brawner was permitted to testify on direct without objection that he had communicated these threats to Russo as follows:

"Q. Now after you left did you go to Mr. Russo's filling station and Mr. Waller's filling station?

"A. I went to Russo's and told him * * *

"MR. POWELL: Just a moment. We object to anything that he did going to Russo's station or Waller's station.

"THE COURT: Yes, I sustain at this time.

"MR. TIPLER: Judge, in their opening statement they said they were going to claim self-defense, and we are going to show a threat.

"THE COURT: It may be admissible after they put on their evidence, but it wouldn't be at this time, I don't think. I'll let you recall the witness if it becomes material.

"Q. That's all.

"CROSS EXAMINATION

"BY MR. PRESTWOOD:

"If the Court please, we withdraw the objection to that last question. Now we put the special prosecutor back to his direct examination.

"THE COURT: Do you want to ask him any questions now?

"MR. TIPLER: Yes.

"FURTHER DIRECT
EXAMINATION

"BY MR. TIPLER:

"Q. What did you tell Mr. Russo, if anything, about what Mr. Brooks had said with reference to killing a councilman?

"A. I just went up there and told him that Rooster [appellant] was mad about the parking situation, and I got in my car and left.

"Q. Did you tell him that he had said something about killing a councilman?

"A. That's right.

"Q. And you got in your car and left?

"A. That's right."

■ The fact that Brawner had told Russo about appellant's threats was already before the jury without objection. Permitting Russo to confirm this would be, at best, bolstering; and we do not think this was prejudicial error which would require a reversal. Sup.Ct. Rule 45.

■ Appellant offered to show by Dr. Morgan that, following the affray, he suffered a heart attack in the police station and continued to suffer from this condition until the time of the trial. The objection to this testimony was properly sustained.

■ Testimony as to the physical condition or relative sizes of the parties involved in the affray is admissible when there is evidence of self-defense. Smith v. State, 209 Ala. 666, 96 So. 779. Generally, such testimony should be limited to the condition of the parties at the time of difficulty. Dr. Morgan was permitted to testify at length about appellant's heart condition prior to and at the time of difficulty.

■ Defense counsel was not permitted on cross-examination to question the prosecuting witness Russo about his claim against appellant for civil damages arising out of the assault. The purported reason for such questioning was to show the bias or pecuniary interest of the witness. This was legitimate cross-examination and should have been allowed. However, evidence of Russo's claim for civil damages against appellant was later admitted. Incorrectly refusing to admit evidence is corrected by subsequently admitting it. Lumpkin v. State, 19 Ala.App. 272, 97 So. 171.

■ Appellant objected to the solicitor making "demonstrations with the witness Dugan" and "using himself as a model." We hold that this is within the sound discretion of the trial judge. *Lumpkin,* supra. In Linnehan v. State, 120 Ala. 293, 25 So. 6, the Supreme Court stated:

"There was nothing objectionable in the solicitor's standing up before the witness, and motioning his hands in illustration, when he asked the witness [the question]. * * *"

Charge 10 was properly refused because it contained the phrase, "beyond *all* reasonable doubt" (emphasis added). Alldredge v. State, 45 Ala.App. 171, 227 So.2d 803, 1969.

Charge 12 was properly refused because it is substantially the same as given charge 11 and was also adequately covered in the trial judge's oral charge.

■ Charge 13 was properly refused for two reasons: (1) it is almost identical to given charges 8 and 14 and (2) the charges were drafted so as to be applicable to a circumstantial evidence case. This not being a circumstantial evidence case, the charge would be misleading.

Charges 16 and 17 dealing with self-defense were adequately covered in the trial judge's oral charge.

We have reviewed the record in accordance with our duty under Tit. 15, § 389, Code of Alabama, 1940, and conclude that the judgment appealed from should be and the same is hereby

Affirmed.