Application for Rehearing Granted.

Reversed and remanded.

All the Judges concur.

298 So.2d 46

**James GRANT**

v.

**STATE.**

**6 Div. 657.**

Court of Criminal Appeals of Alabama.

July 16, 1974.

Benjamin E. Pool, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Kent Brunson, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant stands convicted of murder in the second degree and is serving a thirty-year sentence in the penitentiary. He was represented by a court-appointed attorney at arraignment and trial. After conviction, it was made known to the court that appellant was financially unable to pay for a transcript of the evidence and the court ordered a free transcript for him. This court appointed counsel to represent him on appeal.

The indictment charged that appellant killed the deceased with a screw driver. Appellant is a black man and the deceased was white. The homicide occurred on Christmas day, 1972, in the home of a Negro woman at 4947 Main Street, Brighton, Alabama, a community in the Bessemer Division of the Circuit Court of Jefferson County.

On the afternoon of December 25, 1972, around 3:00 P.M., the deceased drove his automobile to the place where he was killed. He was drinking at the time. When he arrived, appellant was in the back yard engaged in a conversation with Sheila Crenshaw, another black woman, who was the girlfriend of the deceased. Sheila was also the girlfriend of appellant and had a child by him. The deceased and appellant got into an argument and the deceased called him a vulgar name. It seems that appellant had never seen the deceased before this date. After the deceased called him the vulgar name, appellant said, "You don't know nothing about me, you go ahead on." Appellant then walked in the back door of the house followed by Sheila Crenshaw. The deceased came in and the argument continued and the deceased told appellant, "If you're looking for a free ride to Birmingham, this is where you'll get it." Another black man who had worked with the deceased told them there was no reason for them to argue and took the deceased by the arm and carried him into another room of the house. Appellant followed them into this room and when the deceased's back was to him, he picked up a screw driver and stabbed deceased in the head. Then he stabbed him in the chest and the deceased fell on the floor.

An autopsy was performed on the body of the deceased by a certified specialist in pathology. His testimony was as follows:

"The body had two stab wounds, one in the scalp which went through the scalp, and one in the chest cavity entering from the top between this bone here and the back, and it extended into the cavity itself. This wound resulted in air getting into the chest cavity and completely collapsing the lung on that side. In addition, the body showed other evidence of trauma, force around the head, and there were small hemorrhages underneath the left eye and about the left side of the head. These I would judge were caused by some other trauma than the stab wound."

When asked to give his opinion as to the cause of death, the doctor said:

"Yes, sir, my opinion is that the swelling of the brain caused by the trauma to the scalp, combined with the collapse and lack of breathing space of his left lung was the cause of death."

According to the state witnesses, the deceased was completely unarmed and was making no demonstration toward the appellant at the time he was stabbed to death.

Sheila had now lost one of her boyfriends so she decided to align herself on the side of her surviving boyfriend and testify in behalf of appellant, which she did. According to her testimony, she saw what she took to be the imprint of a gun in the pocket of the deceased and saw him run his hand in his pocket before appellant stabbed him.

Appellant testified in his defense. In sum, his testimony was to the effect that he did not follow the deceased into the other room but that he and Sheila were already in this room when the deceased entered. He said the deceased was cursing him and went for his pocket and was coming on him when he reached back and picked up the screw driver and struck him.

At the conclusion of the state's case, appellant made a motion to exclude the evidence on the ground the state had failed to make out a prima facie case. This motion was overruled by the trial court and, we think, rightly so. The state's evidence made out an unprovoked killing, at least the provocation, if any, was of a minor nature when compared with the aggressiveness of appellant.

In all criminal cases the jury are the judges of the facts. Handley v. State, 212 Ala. 347, 102 So. 628; Nichols v. State, 27 Ala.App. 435, 173 So. 652.

The sufficiency of the evidence was tested only by the motion to exclude the state's evidence. There was no request for the affirmative charge and no motion for a new trial. We hold the evidence made and presented a jury question and there is no warrant for this court to disturb the verdict of the jury.

Appellant contends the trial court made an unjustified comment on the evidence to the prejudice of appellant and the case should be reversed. That portion of the oral charge complained about is as follows:

"Now, ladies and gentlemen, that concludes the evidence in this case and I will now instruct you in the law. The attorneys have moved this case right along and sometimes I have seen a case of this character last two or three days. You shouldn't find a whole lot of difficulty in trying to arrive *at some conclusion* from what you have heard and seen in the trial of this case." (Emphasis added)

First we note there was no exception reserved to the above portion of the oral charge, or, for that matter, to any other portion of the oral charge of the court. But, laying that aside, we hold by no stretch of the imagination can it be said that this portion of the oral charge was a comment on the evidence, directly or indi-

rectly. The words "at some conclusion" was just as favorable to appellant as he contends it was favorable to the state. We hold it was not favorable to either.

█ Appellant rightfully points out that the judgment entry fails to show that at the time of sentencing, he was not asked if he had anything to say why the judgment of the court and the sentence of the law should not be imposed on him. This is mandatory in all felony cases. Alabama Digest, Criminal Law, ☞989.

This error is not cause for reversal, but only for remandment to the lower court for proper sentencing. Smith v. State, 28 Ala.App. 506, 189 So. 86; Robinson v. State, 40 Ala.App. 540, 117 So.2d 260.

We have carefully searched the record for errors injuriously affecting the substantial rights of appellant, and have found none. Therefore, the judgment is hereby affirmed, but remanded for proper sentencing.

Affirmed. Remanded for proper sentence.

ALMON and TYSON, JJ., concur.

CATES, P. J., and DeCARLO, J., not sitting.