63 So.2d 287

## BEATTY v. STATE.
### 6 Div. 530.

Court of Appeals of Alabama.
Feb. 10, 1953.

H. E. Mitchell and Marvin H. Galin, Cullman, for appellant.

Si Garrett, Atty. Gen. and Maury D. Smith, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

This prosecution is based on an alleged violation of Title 22, § 256, Code 1940.

In the court below the jury returned the following verdict: "We, the jury, find the defendant guilty, and fix his sentence at two years' imprisonment in the state penitentiary."

The trial judge sentenced the accused to the state penitentiary for a period of two years.

Section 258, Title 22, Code 1940, was amended by Act No. 307, p. 600, Regular Session 1951. The amendment fixes the punishment for the first offense at imprisonment for not less than two nor more than five years. It does not provide that the jury shall fix the punishment. Therefore this duty was imposed on the presiding judge.

This unauthorized inclusion in the verdict will be regarded as mere surplusage, and it will be presumed that the judge was acting under his own power and authority in imposing the sentence of two years.

Freeman v. State, 151 Ala. 10, 44 So. 46; Martin v. State, 125 Ala. 64, 28 So. 92.

■ Appellant's attorney made a motion to quash the venire on the ground that the sheriff neglected to give personal notice in summoning the jurors or he failed to leave written notice at the place of residence of the names drawn for jury service.

After taking testimony in support of the motion, the court overruled it.

There is no merit in the insistence that the venire should have been quashed. Title 30, §§ 45 and 46, Code 1940; Vaughan v. State, 17 Ala.App. 383, 84 So. 879; Burns v. State, 246 Ala. 135, 19 So.2d 450; Wimbush v. State, 237 Ala. 153, 186 So. 145.

■■ The court overruled demurrers to the indictment. With reference to the ruling in this aspect the judgment entry appearing in the record is only a copy of the judge's bench note. In the absence of a formal judgment a review by the appellate courts is not invited. Skidmore v. H. C. Whitmer Co., 221 Ala. 561, 130 So. 194; Aplin v. Dean, 231 Ala. 320, 164 So. 737; Jones v. Daniel, 34 Ala.App. 490, 41 So.2d 627.

There is very little conflict in the evidence.

The sheriff and his deputy went to the home of the appellant and found there a bundle of weeds in a truck. The accused and another person were standing near the vehicle. They stated that the weeds had been gathered from appellant's farm for the purpose of extracting worms from the stalks. These insects were to be used for fishing bait.

A later search extended to cultivated lands on the farm, and there the officers observed quantities of the same kind of weed in the process of growing. According to the testimony of the sheriff, the appellant stated that it was marijuana. The latter denied that he made this admission.

Portions of the weeds taken from the truck and gathered from the field were sent to the federal laboratory in Atlanta, Georgia and the office of the Alabama state toxicologist. Chemists from these departments testified that they found the samples to be marijuana.

The appellant admitted the possession, but he sought to explain this possession by testifying that a soil conservationist sowed some lespedeza seed on the farm and the weeds in question came up and grew along with the other plants.

It appears from the evidence that the lespedeza seed came shipped in large sacks. The conservationist had furnished seed to a number of farmers in the county from the same sack from which he took the seed that were planted on appellant's farm. These indicated farmers testified that in their planting and growth they did not encounter the mixture problem.

■ It is crystal clear that the question of whether or not the alleged possession of the marijuana was illegal as denounced by the statute was for the determination of the jury.

We would be entirely out of harmony with the authorities if we should hold that the trial judge was in error in denying the motion for a new trial.

There were a number of rulings incident to the introduction of evidence. We have given due consideration to each of these. We do not find any errors. Even so, each of these matters relates to circumstances that were not in dispute. Stallings v. State, 249 Ala. 1, 32 So.2d 233; Garrett v. State, 33 Ala.App. 168, 31 So.2d 151.

■ Refused written instructions numbered 2, 5, 6, 8, and 11 are not based on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Knighten v. State, 35 Ala.App. 524, 49 So.2d 789.

■ Refused charge numbered 9 was substantially covered by the court's oral charge and written instructions given at the instance of the defendant. Title 7, § 273, Code 1940; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

We have responded to each question presented by the record which merits any comment.

The judgment below is due to be affirmed. It is so ordered.

Affirmed.