155 So.2d 519

**Ex parte Olen Ray LOYD.**

2 Div. 430.

Supreme Court of Alabama.

June 27, 1963.

Bryan Chancey and Gordon & Cleveland, Birmingham, and Sam Earl Esco, Jr., Selma, for petitioner.

Richmond M. Flowers, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for respondent.

418

LAWSON, Justice.

The proceeding here is upon petition of Olen Ray Loyd for mandamus directed to Honorable James A. Hare, as Judge of the Circuit Court of Dallas County.

The case made by the original petition is as hereinafter summarized.

Loyd was indicted by a grand jury of Dallas County for the offense of assault with intent to murder. On the afternoon of March 1, 1962, a jury returned a verdict of guilty. Judge Hare forthwith, in open court, rendered a judgment of conviction but advised Loyd that sentence would be deferred. Loyd thereupon took an appeal to the Court of Appeals of Alabama. The amount of the appeal bond was fixed by Judge Hare at $7,500.

On March 2, 1962, Loyd presented an appeal bond in the amount of $7,500 to the Circuit Clerk, who approved it.

Judge Hare made the following docket entries:

"1 March 1962—Jury and verdict as follows: 'We, the jury, find the defendant guilty of assault with intent to murder as charged in the indictment. Harrell, Foreman'

"Hare, Judge

"2 March 1962—The defendant in open court gives notice of and takes· an appeal in this cause to the Court of Appeals of Alabama, and on motion of defendant made in open court the sentence in this cause is suspended pending said appeal and the defendant's appeal bond is fixed by the Court in the sum of ($7,500.00) seventy-five hundred dollars, to or conditioned as required by law.

"James A. Hare, Judge"

Thereafter Loyd was called by the State as a witness against one Jesse Douglas, who was being tried in the Circuit Court of Dallas County for the offense of assault with intent to murder. While he was on the stand Loyd was confronted with a written confession which he was alleged to have made wherein he apparently implicated Douglas. Loyd was propounded questions concerning the confession. He refused to answer the questions on the ground, among others, that his answers might tend to incriminate him.

Judge Hare advised Loyd that since he had been convicted he could not refuse to answer the questions on the ground that they might tend to incriminate him and adjudged Loyd to be in contempt of court.·

Loyd informed Judge Hare that he wished to purge himself of contempt. But upon being asked if the signature on the confession shown him was his own, Loyd said he did not know. Judge Hare became aggravated at this conduct on the part of Loyd and informed him again that "he had no right against self-incrimination." Judge Hare then made the following docket entry:

"2 March 1962—That entry next above as relates to notice of appeal and the fixing of bond is vacated, set aside and held for naught, pending adjudication of guilt and sentence of the defendant.

"James A. Hare, Judge"

Judge Hare thereafter sentenced Loyd to serve a term of twenty years in the penitentiary and fixed his appeal bond at $50,000.

Counsel for Loyd asked Judge Hare to make docket entries which reflected the status of Loyd. To this request the Judge replied that an entry would be made when he had time to make it and advised counsel of the twenty-year sentence and the $50,000 appeal bond.

Even though a docket entry was not made of the judgment of conviction following the jury verdict, Judge Hare did in fact render a final judgment of guilt on the afternoon of March 1, 1962, from which judgment

Loyd effectively presented an appeal to the Court of Appeals of Alabama by giving notice of appeal and by securing the approval of the Clerk of the Circuit Court of Dallas County of an appeal bond in the amount of $7,500, as prescribed by the second docket entry bearing date of March 2, 1962.

Based on the foregoing averments, Loyd in his petition for mandamus prayed:

"* * * that this Court will grant an Alternative Writ of Mandamus or a Rule Nisi or enter such Order as is appropriate in the above styled cause, directing the same James A. Hare as Judge of the Circuit Court of Dallas County, Alabama, forthwith to enter an order reinstating the Judgment of the Court on the verdict of guilty entered by the jury, suspending sentence and stating the giving of Notice of Appeal that was given by the Defendant in Open Court and setting the Defendant's Appeal Bond as previously fixed by the Court in the sum of $7500.-00 and enter an Order directing the Sheriff of Dallas County, James Clark, Jr., to release the Defendant, Olen Ray Loyd of and from custody and Petitioner respectfully prays that any other and further relief or for such other or further Orders or Judgments to which he may be entitled under the facts and Law as above stated."

Based on the averments of the petition which we have summarized above and in accordance with the prayer which has been quoted, this court on March 15, 1962, made the following order:

"IT IS CONSIDERED AND ORDERED by the Court that a rule Nisi issue to the Honorable James A. Hare, as Judge of the Circuit Court of Dallas County, Alabama, commanding him to forthwith enter an order in the case, State of Alabama vs. Olen Ray Loyd, being Case No. 9393 in the Circuit Court of Dallas County, Alabama, reinstating or entering the judgment and sentence on the verdict of the jury and ordering that the sentence of the defendant be suspended pending the appeal and that the amount of the appeal bond be fixed at $7,500.00: or to appear and show cause before the Supreme Court of Alabama within thirty days (30 days) from this date why the peremptory Writ of Mandamus should not issue as prayed for in said petition.

"It is further ORDERED that the Sheriff of Dallas County, Alabama, release the said Olen Ray Loyd from custody upon his entering into bond with good and sufficient sureties conditioned as required by law in the sum of $7,500.00, said bond to be approved by the Clerk of the Circuit Court of Dallas County, Alabama, pending the further orders of this Court."

On March 15, 1962, Loyd was released from the county jail of Dallas County upon the execution and approval of a bond in the sum of $7,500 as ordered by this court.

Judge Hare has made a return to the rule nisi wherein he takes issue with the averments of the petition in several important respects.

According to the averments of Judge Hare's return, the events which preceded the filing of the petition for mandamus were as hereinafter stated.

The jury returned its verdict at about six or seven o'clock on the evening of March 1, 1962. The jury was polled and discharged. No docket entry was made on March 1, 1962, and the trial court did not pronounce judgment on the verdict or inform Loyd that he was deferring sentence. Loyd did not at that time give notice of an appeal to the Court of Appeals and Judge Hare did not fix the amount of an appeal bond in the sum of $7,500. In other words, nothing transpired on the evening of March 1, 1962, following the return of the jury's verdict except the polling of the jury and the discharge of the jury. The court then recessed for the remainder of the day.

On the morning of March 2, 1962, the trial of the case of State of Alabama vs. Jesse Douglas began. At about ten o'clock on that morning, during a recess of the Douglas trial, one of the lawyers who had represented Loyd advised Judge Hare that Loyd wanted to take an appeal to the Court of Appeals and that such an appeal could be taken from the jury's verdict without the rendition of a judgment. Based on such information, Judge Hare then made the docket entry quoted above which bears the date of March 1, 1962, and the first of the quoted docket entries which bear the date of March 2, 1962.

Judge Hare soon thereafter began to study the question as to whether an appeal would lie from a jury verdict alone. He became convinced that an appeal would not lie and he thereupon made the second quoted docket entry which bears the date of March 2, 1962, which had the effect of superseding the first entry which bears that date. Judge Hare advised counsel for Loyd of this action and also told him that Loyd would be sentenced later.

All of the docket entries quoted above were made on March 2, 1962, prior to the time Loyd refused to answer questions while a witness in the Douglas case and none of those entries were prompted by Loyd's conduct during the course of the Douglas trial.

During an afternoon recess in the Douglas trial Judge Hare "adjudicated petitioner [Loyd] guilty, in accordance with the verdict of the jury, and asked petitioner did he have anything to say as to why judgment should not be pronounced upon him; that petitioner said nothing and respondent [Judge Hare] then proceeded to find the defendant [Loyd] guilty in accordance with the verdict of the jury and to sentence the prisoner [Loyd] to a term of twenty years imprisonment in the penitentiary, at which time the petitioner gave notice of appeal, and respondent fixed the appeal bond in the amount of $50,000.00."

The judgment which was pronounced came after all of the docket entries quoted above had been made. No record was made of the judgment which was pronounced on the jury verdict. Judge Hare did not inform counsel for Loyd that he had been held in contempt of court, but informed him that instructions had been given the solicitor to prepare an information charging Loyd with civil contempt and to file the same in the Circuit Court, in Equity, of Dallas County, Alabama, at a later date. However, no formal contempt proceeding was ever instituted against Loyd. The rule nisi was issued by this court before Judge Hare had an opportunity to enter a judgment against Loyd on the docket and Judge Hare has refrained from making any such docket entry because of the rule nisi and the orders contained therein.

■ The return of Judge Hare, unless controverted, is taken as true. Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560, and cases cited. In Ex parte Waldrop, 228 Ala. 38, 39, 152 So. 44, 46, we said:

"When the judge of a court to whom a rule nisi is issued out of this court on a petition for mandamus answers that petition, and it recites the occurrences in open court, not otherwise shown by the record, in his presence, it is taken by this court as presumptively true. * * *"

Loyd has not filed a replication to Judge Hare's return. He has filed an amendment to his petition for mandamus which contains the following language:

"7. Petitioner denies all of the allegations of the respondent's answer except insofar as they admit the allegations of petitioner's petition and except that petitioner admits that the court has refrained from making the written docket entries as alleged on page 8 (eight) of his answer."

■ Considering the language just quoted as being in effect a replication to the return, it must be treated as nothing more than a joinder of issue on the return of Judge Hare. It does not destroy the

evidential value of the return. Having joined issue, the burden of controverting by competent legal evidence the facts stated in the return was upon Loyd. Wilson v. Brown, 241 Ala. 178, 1 So.2d 914; Ex parte State ex rel. Atlas Auto Finance Co., supra.

Loyd has not attempted to meet that burden. Hence, the matters averred in Judge Hare's return will be taken as true.

As we have indicated, Loyd in his petition for writ of mandamus alleged that on the evening of March 1, 1962, immediately following the jury's verdict, · Judge Hare "brought the Defendant before him as Judge of the Circuit Court and rendered judgment of conviction, and informed Defendant he was deferring the pronouncement of sentence, whereupon the Defendant did then in Open Court give notice of and did take an Appeal to the Court of Appeals of Alabama, and the Defendant's Appeal Bond was fixed by the Court in the sum of $7,500.00."

Judge Hare in his return, which has not been controverted by competent evidence, says that no such events occurred on March 1, 1962, and Loyd in his brief filed here has in effect conceded the correctness of Judge Hare's position.

Loyd, in effect, concedes that no judgment of conviction had been pronounced and no sentence had been imposed prior to the time he expressed his desire to appeal, as reflected in the first docket entry bearing date of March 2, 1962.

Loyd's position now is as stated in his brief in the following language:

"We respectfully state to this Court, that when a Defendant has given Notice of his desire to Appeal and when the Court has so noted that desire, the Circuit Court has then rendered a Judgment and the cause has then been Appealed, and the Circuit Court has lost all other further jurisdiction in connection with that matter."

We do not agree. In this state an appeal in a criminal case lies from the judgment of conviction. Such is the express language of § 367, Title 15, Code 1940. See Law v. State, 238 Ala. 428, 191 So. 803.

The manner of taking appeals in criminal cases is set out in § 368, Title 15, Code 1940, which reads:

"Appeals in criminal cases must be taken at the time of sentence or confession of judgment, or within six months thereafter in manner following: (a) An entry of record that defendant appeals from the judgment with or without suspension of judgment, as he may elect, to be taken at the time of judgment rendered; or, (b) The filing of a written statement signed by the defendant or his attorney that defendant appeals from the judgment, the statement to be filed within six months; provided, however, that the trial court shall retain jurisdiction of the cause for the purpose of hearing and determining a motion for a new trial, seasonably made, and any appeal from a judgment of conviction shall also raise the question of the correctness of the court's ruling on a motion for a new trial made within the time allowed, and in the manner prescribed by law."

█ An appeal in a criminal case is deemed perfected if the defendant, upon the rendition of a judgment, expresses a desire to appeal. McDaniel v. State, 39 Ala.App. 157, 96 So.2d 319. But there must be a judgment before the appeal can be taken. Such is the clear import of §§ 367 and 368, Title 15, supra. Relf v. State, 267 Ala. 3, 99 So.2d 216, does not hold to the contrary.

█ No judgment of conviction had been rendered at the time Loyd expressed his desire to appeal to the Court of Appeals and at the time Judge Hare made the first docket entry bearing date of March 2, 1962.

We hold that the first docket entry dated March 2, 1962, did not operate as an appeal to the Court of Appeals so as to divest Judge Hare of the authority to vitiate it.

by the making of the second docket entry bearing that date.

Judge Hare in his return has shown cause why the peremptory writ should not issue and it is hereby denied.

By an amendment to his petition for writ of mandamus and by separate motion Loyd has raised the point that he is entitled to his discharge in that no judgment of conviction has ever been entered and that none can be legally entered at this late date.

Judge Hare's return shows that during a recess of the Douglas trial, on the afternoon of March 2, 1962, he rendered a judgment against Loyd in accordance with the jury verdict, sentenced him to a term of twenty years imprisonment, and fixed appeal bond at $50,000.

But this judgment has never been entered on the records of the Circuit Court of Dallas County, according to Judge Hare's return, because to do so would run counter to the express mandate of this court contained in the rule nisi issued on March 15, 1962.

We agree with the position of Judge Hare that because of our order of March 15, 1962, he was without authority to enter or have entered the judgment rendered on the afternoon of March 2, 1962, pending our disposition of this case.

We hold that Loyd is not entitled to be discharged because the judgment has not been entered and that Judge Hare may now proceed to have the judgment entered.

We entertain the view, however, that pending a final adjudication of Loyd's appeal he should be permitted to remain at liberty on the bond which was executed in accordance with our order of March 15, 1963.

Peremptory writ denied.

Motion to discharge denied.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.