218 So.2d 159

**Katie Lou SIMMONS**

v.

**STATE.**

**5 Div. 720.**

Court of Appeals of Alabama.

Jan. 21, 1969.

Tom Radney and John F. Dillon, IV, Alexander City, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal purports to be from a judgment of conviction of guilt of manslaughter in the first degree

 We excerpt from the minute entry as set out in the certified transcript of the circuit court's record:

"MINUTE ENTRY

"* * *

"Thereupon came a jury of good and lawful men, to-wit, A. D. Taunton Foreman and eleven others, who being impannelled and sworn as required by law, on their oaths do say: 'We, the jury, find the defendant Katie Lou Simmons, alias, guilty of Manslaughter in the First Degree as charged in the indictment, and fix her punishment at Eight (8) years in the Penitentiary of the State of Alabama. A. D. Taunton, Foreman.'

"The defendant gives notice of an appeal to the Court of Appeals of Alabama.

1. It is mandatory in felony cases that the court ask the defendant if he has anything to say before sentence is pronounced against him. Robinson v. State, 40 Ala. App. 540, 117 So.2d 260; Bryant v.

Execution of the sentence is suspended pending such appeal and bond is fixed at $5,000.00.

"/s/ Dan Boyd, Judge"

Nowhere in the record sent to this court does there appear (1) the circuit court's adjudgment of the defendant as guilty, (2) an allocutus[1] or (3) sentencing of any sort.

 An appeal in a criminal case can be taken only from a valid judgment of conviction. Code 1940, T. 15, §§ 367, 368; Vick v. State, 156 Ala. 669, 46 So. 566; Carmichael v. State, 213 Ala. 264, 104 So. 638; Duck v. State, 38 Ala.App. 652, 92 So.2d 55. An appeal to this court will not lie from a jury verdict alone. See Ex parte Loyd, 275 Ala. 416, 155 So.2d 519.

In the *Loyd* case, the following *docket* entries were made by the trial court:

"1 March 1962—Jury and verdict as follows: 'We, the jury, find the defendant guilty of assault with intent to murder as charged in the indictment. Harrell, Foreman'

"Hare, Judge

"2 March 1962—The defendant in open court gives notice of and takes an appeal in this cause to the Court of Appeals of Alabama, and on motion of defendant made in open court the sentence in this cause is suspended pending said appeal and the defendant's appeal bond is fixed by the Court in the sum of $7500.00) seventy-five hundred dollars, to or conditioned as required by law.

"James A. Hare, Judge"

The Supreme Court, speaking· through Mr. Justice Lawson, after recognizing that there must be a judgment of conviction

State, 42 Ala.App. 219, 159 So.2d 627. This omission is not cause for reversal, but only for remandment for proper sentence.

before an appeal can be taken, held that the above docket entries did not constitute a judgment of conviction which would support an appeal. There, however, the question was whether or not the lower court had lost control over the case.

The minute entry now before us only shows the verdict and notice of appeal. On this record, the appellant has never been sentenced by the trial court. Without a valid judgment of conviction, he has *no statutory reason to need to appeal.* Code 1940, T. 15, § 367.

Appeal dismissed.