246 So.2d 475

**Eddie McCRAY**

**v.**

**STATE.**

**5 Div. 40.**

Court of Criminal Appeals of Alabama.

March 23, 1971.

Michael S. Lottman, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

PER CURIAM.

The indictment charges unlawful possession of marijuana.

The judgment entry reads:

"On this 5th day of December, 1969, came the defendant in person attended by his counsel and upon said pleas being made and issue joined thereon there came a jury of true and lawful men to-wit: Albert F. Killian, Foreman, and eleven others, who being duly empaneled, selected and sworn as required by law, and before whom the defendant was present in court during each period of the trial, and who having heard the testimony, the argument of counsel and the charge of the Court, upon their oaths do say: 'We, the jury, find the defendant Eddie Mc-Cray, guilty of possession of marijuana as charged in the indictment and we fix his punishment at imprisonment in the penitentiary for the State of Alabama for a term of five (5) years.

signed, Albert F. Killian, Foreman.'

Defendant, makes application for probation. Application for probation denied. Defendant gives notice of appeal to the Alabama Criminal Court of Appeals. Execution of sentence suspending such appeal and bond fixed to be approved by the Clerk at $5,000.00."

■ The court, not the jury, is authorized to fix the punishment where the charge is possession of marijuana. Beatty v. State, 36 Ala.App. 699, 63 So.2d 287. If the jury attempts to fix the punishment that portion of the verdict is regarded as surplusage. *Beatty*, supra.

■ In a felony case the judgment entry must show that the court asked the defendant if he had anything to say why sentence should not be pronounced against him. Such inquiry is mandatory. However, where the allocutus does not appear in the record, the cause will not be reversed, but will be remanded for proper sentence. Robinson v. State, 40 Ala.App. 540, 117 So.2d 260; Smith v. State, 28 Ala. App. 506, 189 So. 86.

■ The right of appeal is wholly statutory and is authorized in criminal cases from a judgment of conviction. Title 15, Sec. 367, Code of Alabama of 1940. Rogers v. State, 39 Ala.App. 441, 104 So.2d 481; Harris v. State, 44 Ala.App. 632, 218 So.2d 285.

■ If no formal adjudication of guilt appears, but sentence is imposed by the court in accordance with the verdict, there is an implied judgment of guilt which will support an appeal. Carmichael v. State, 213 Ala. 264, 104 So. 638; Elliott v. State, 283 Ala. 67, 214 So.2d 420.

■ There is no adjudication of guilt in this case and sentence was never imposed by the court. The judgment is void. Consequently, the appeal is due to be dismissed. Mayers v. State, 147 Ala. 687 (reported in full 40 So. 658); Simmons v. State, 44 Ala. App. 626, 218 So.2d 159.

The foregoing opinion was prepared by L. S. MOORE, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Appeal dismissed.