258 So.2d 61

Love **WILSON**

v.

**STATE.**

**4 Div. 88.**

Court of Criminal Appeals of Alabama.

Feb. 8, 1972.

William V. Neville, Jr., Eufaula, for appellant.

William J. Baxley, Atty. Gen., and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from a judgment of conviction for the offense of robbery, with a penitentiary sentence of ten years.

Defense counsel interposed this objection:

"I object to the jury for failure to comply with Title 30, Section 6 and 63, in that fifty people have not been personally summoned by the Sheriff."

The circuit clerk testified that fifty or more jurors answered the roll call and were actually present in court.

Defense counsel then asked the clerk if the sheriff notified prospective jurors by sending a double post card, one a reply card. The witness answered this was his understanding, but that the sheriff personally contacted those whose cards were not returned.

The court then asked defense counsel:

"Now what was your objection?"

Counsel replied:

"I objected to the jury for not having fifty present."

The court said:

"There are fifty present so I overrule your objection."

The argument in brief is that the sheriff's practice of summoning jurors is unauthorized and unsuccessful in getting a high percentage of jurors to court.

Section 46 of Title 30, Code 1940, provides that no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors. There is no contention that there was fraud in summoning the jury.

In Beatty v. State, 36 Ala.App. 699, 63 So.2d 287, we held that motion to quash the venire, on the ground that the sheriff neglected to give personal notice or to leave written notice at the place of residence, was properly overruled.

In Dailey v. State, 21 Ala.App. 516, 109 So. 892, the court held there was no merit in the ground of motion to quash the venire that the sole and only method used to notify jurors was by means of a postal card.

Further, the objection here was directed solely to the number of jurors present, and the undisputed testimony was that fifty were present in court.

James D. Pippins, employed at Quik Mart in Eufaula, as storekeeper testified as he was closing the store the night of March 26, 1970, someone asked him to open the door. He refused and the person grabbed his sleeve, and, holding a big knife like a switch blade, said: "You trick me and you're dead. Open the door, I want the money." There were two persons involved. They went in the store, witness opened the safe, they took the money, locked Mr. Pippins in the cooler and left. Five hundred fifty-one dollars and sixty-eight cents was missing from the safe. Mr. Pippins did not see defendant at any time and so far as he knows defendant did not participate in the robbery.

Two officers testified defendant made a statement in which he said he acted as a lookout for Larry Hamilton, Roy Robinson and Harvey Lee Brown when they robbed the Quik Mart and that they split the money. Defendant received $130.00 for his part. Before evidence of the confession was introduced the testimony shows no promises or inducements of any kind were offered defendant and no threats were made and that his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, were fully explained. The statement was reduced to writing by Officer Gatlin. The defendant stated the confession was true but said he didn't believe he would sign it right then and declined to sign it.

The defendant called as a witness Roy Robinson who testified he participated in the robbery of the Quik Mart, but that defendant was not involved in the robbery.

The defendant testified he was brought to the jail and was questioned by Officers Gatlin and Andrews. Mr. Gatlin advised him of his rights and told him he didn't have to answer questions until he saw a lawyer. He stated: "I didn't tell him exactly I didn't want one. I told him I didn't want one at the time." He didn't sign the confession because it wasn't true, but he told Mr. Gatlin it was true because he wanted to know who told him he robbed the store, and he thought he could find out who it was that informed on him to Mr. Gatlin if he told him he took part in the robbery. He did not participate in the robbery and did not act as a lookout. He did get eighty dollars from Larry Hamilton about three days after the robbery, but Hamilton didn't tell him where the money came from.

The evidence was sufficient to sustain the conviction. The motion for new trial was properly overruled.

Affirmed.

CATES, ALMON and TYSON, JJ., concur.