285 So.2d 493

Johnny JOHNSON, alias

v.

STATE.

I Div. 385.

Court of Criminal Appeals of Alabama.

Oct. 16, 1973.

Rehearing Denied Nov. 13, 1973.

Certiorari Denied Jan. 24, 1974.

See 289 So.2d 801.

William J. Baxley, Atty. Gen., and Kent Brunson, Asst. Atty. Gen., for the State.

HARRIS, Judge.

In early December, 1971, a bank robbery occurred in Baltimore, Maryland, involving four non-white males. The robbery was attended with violence. Several tellers were pistol whipped during the robbery. Shortly before the robbery several automobiles, including a Cadillac, were purchased in Plainfield, New Jersey. The F.B.I. entered the case. Witnesses identified two

J. D. Quinlivan, Jr., Mobile, for appellant.

of the suspects at the site in Plainfield, New Jersey, where the motor vehicles were purchased. Arrest warrants were issued out of the United States District Court for the District of Maryland for Allen C. Richardson and William Lewis Graham. One of the other two suspects closely resembled the description of appellant. The warrants charged Richardson and Graham with "armed robbery; robbery and larceny from a bank; assault during robbery; use of a firearm to commit a felony; aiding and abetting."

The F.B.I. in Baltimore contacted the local agents in Mobile, Alabama, and advised that their investigation revealed that the two identified suspects, for whom arrest warrants were outstanding, might be in the Mobile area and furnished the local agents with a description and identification number of the Cadillac automobile which at that time was registered to Advanced Leasing Company with a New York City address.

The F.B.I. agents in Mobile found this automobile in the parking lot of the Admiral Semmes Motel. Local Agent Gene W. Owens was in charge of the investigation in Mobile. Owens conferred with the manager of the motel in an effort to learn the identity of the individual who was operating this particular Cadillac. After checking the motel guest records, the investigation narrowed to and focused on the occupants of rooms 240 and 241. The registration cards for these two rooms were signed by John Robinson, 1601 Argonne R. N.W., Washington, D. C., and Mr. and Mrs. Green., "& Robinson (sic)", 708 Ewell Cr., Washington, D. C. The check-in time was 9:37 P.M. on December 28, 1971, and the check-out date on the account records was January 2, 1972. Agent Owens then solicited and obtained the aid of the Mobile Police Department. Detective Ralph Jordan headed a team of a dozen Mobile police officers. After surrounding and securing the motel and the Cadillac, Agents Owens and Eveland, and Detectives Jordan and Woodard went to room 240, knocked and identified themselves as the F.B.I. and police officers. The door was opened by appellant and there were two other males in the room. The occupants were immediately searched for weapons. While these events were taking place, other officers had entered room 241, which was occupied by a black male and female. Two of the three males in room 240 lived in Mobile and one of them was known to Detective Jordan.

These officers did not have any warrants of any kind—arrest warrants or search warrants—when they entered these two motel rooms. During the hearing on the motion to suppress certified copies of the Federal arrest warrants were sent to Mobile by telecopier and were introduced in evidence. The fact that appellant was not registered (by name) in this motel is of no significance for it is a matter of common knowledge that many people, criminals and non-criminals, for reasons best known to themselves, sometime register in motels under assumed names.

After arresting the three men in room 240 and putting handcuffs on them, Detective Jordan saw a vial or bottle of pills on top of a dresser in the room in "plain view." The capsules in this bottle were chemically analyzed by Dr. Nelson E. Grubbs, State Toxicologist in Mobile, whose qualifications were admitted, and were found to be "powdered sugar and heroin." This bottle and its contents were admitted in evidence without objections.

The jury returned the following verdict: "We, the jury, find the defendant guilty of possession of heroin as charged in the indictment." Thereupon, the court sentenced appellant to imprisonment in the penitentiary for a term of ten (10) years. Sentence was suspended pending appeal and the appeal bond was fixed at $10,000.00. No appeal bond appears in the record. Appellant sought and obtained a free transcript of the evidence.

■ Appellant raises two major propositions in seeking a reversal of this case. The first one deals with the refusal of re-

**332**

quested charge No. 4. This charge is as follows:

"I charge you, members of the jury, that the defendant is presumed to be innocent and that this presumption of innocence abides with him as a matter of evidence and is sufficient alone for you to find the defendant not guilty in this cause, unless you are convinced beyond all reasonable doubt and to a moral certainty from all of the evidence that the defendant is guilty."

This charge was properly refused. The use of "all" exacted too high a degree of proof to justify a conviction. "Beyond a reasonable doubt" is all the law requires. Alldredge v. State, 45 Ala.App. 171, 227 So.2d 803; Brooks v. State, 45 Ala.App. 196, 228 So.2d 24; Brown v. State, 45 Ala.App. 391, 231 So.2d 167.

■ The second proposition asserts that "mere presence in a motel room in which drugs are found, without more, is insufficient to support a conviction for possession of those drugs."

In Daniels v. State, 49 Ala.App. 654, 275 So.2d 169, this Court said:

"In a prosecution for unlawful possession of narcotics it is not necessary to prove manucaption but constructive possession may be shown, and where such possession is relied upon the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance. Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520; Spruce v. State, 43 Ala.App. 487, 192 So.2d 747. See cases in 16 Alabama Digest, Poisons, ☞9.

"Such guilty knowledge may be established by circumstantial evidence and guilt does not necessarily depend upon ownership. Parks v. State, 46 Ala.App. 722, 248 So.2d 761."

The evidence presented by the state was properly submitted to the jury and the mo-

tion to exclude the evidence presented by the state was properly overruled. Likewise, there was no error in denying the affirmative charge requested by appellant.

The case is affirmed.

Affirmed.

All the Judges concur.