The defendant was indicted and convicted for the unlawful possession of marijuana in violation of Section 20-2-70, Alabama Code 1975. Sentence was seven years' imprisonment. Two issues are raised on appeal.
 I
A review of the record convinces this Court that the State provided ample evidence to support the jury's verdict and sustain the conviction.
The defendant and his two companions were arrested on assault charges early on the morning of January 15, 1982. The automobile in which the trio was riding was a Ford Pinto station wagon owned by the defendant's two companions. The defendant was in the back seat.
The arresting officers observed "a brown paper sack that was partially open" on the passenger's side on the front floorboard of the vehicle. The officers saw "one bag of green plant material lying on the floor in front of the sack." The crumpled bag was "open" and "partially torn". Thirteen small plastic bags containing marijuana were contained in the paper bag. The officers also found fifteen plastic bags of marijuana inside another paper bag located "right behind the back seat down under some clothes." The twenty-eight bags of marijuana contained a total of nineteen ounces of marijuana all together.
Both the State and the defendant recognize the rule that the presence of an accused in an automobile where a controlled substance is found is not sufficient in and of itself to establish constructive possession nor knowledge of the presence of the substance. Roberts v. State, 349 So.2d 89, 91
(Ala.Cr.App.), cert. denied, 349 So.2d 94 (Ala. 1977).
Here, the defendant's knowledge and constructive possession of the marijuana are provided by the defendant's own solicitation for the purchase of marijuana.
Before the altercation that ultimately led to the arrests occurred, the defendant and *Page 202 
his companions were drinking in the Four Sons Club in Opp. Pamela Kelley, a waitress, testified that the defendant asked her if she wanted to buy a bag of marijuana: "(H)e just asked me if I wanted to buy any marijuana from him."
A second statement also evidences the defendant's consciousness of guilt. A "few months" before trial the defendant returned to the night club and asked Ms. Kelley to change her testimony and refuse to testify against him.
This evidence provides ample circumstantial proof of the defendant's possession, control and knowledge of the marijuana.
In a prosecution for the unlawful possession of a controlled substance, "the kinds of circumstances which may provide a connection between a defendant and the contraband are unlimited and will naturally depend on the facts of each particular case." Temple v. State, 366 So.2d 740, 743 (Ala.Cr.App. 1979). The accused's knowledge of the presence of the controlled substance may be proved by "his declarations, or admissions, and contradictory statements, and explanations made by him." 28 C.J.S.Supp., Drugs Narcotics, Section 204 (1974). Here, the defendant's proximity to the drug and recent offer to sell marijuana provide sufficient circumstantial evidence to authorize a reasonable inference of knowledge and possession.Allen v. State, 382 So.2d 1147 (Ala.Cr.App.), cert. denied, Exparte Allen, 382 So.2d 1158 (Ala. 1980); Hanvey v. State,369 So.2d 52 (Ala.Cr.App.), cert. denied, Ex parte Hanvey,369 So.2d 56 (Ala. 1979).
 II
A refusal to instruct the jury that the mere presence of the accused in a place where drugs are found will not support a conviction for possession is not error. Johnson v. State,51 Ala. App. 330, 285 So.2d 493 (1973), cert. denied, 292 Ala. 112,289 So.2d 801 (1974).
The defendant's written requested charges were also properly refused because they were not presented in the proper form in that they were not separate written requested charges. Additionally, there was no proper objection to the trial judge's refusal of the requested charges. Allen v. State,414 So.2d 989 (Ala.Cr.App. 1981), affirmed, Ex parte Allen,414 So.2d 993 (Ala. 1982).
We have addressed each issue raised on appeal. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.