SAM TAYLOR, Judge.
Appellant was convicted of escape in the third degree and was sentenced to 10 years’ imprisonment under the Habitual Felony Offenders Act.
The circumstances surrounding appellant’s arrest were as follows:
After using radar to time appellant’s car at 74 miles per hour, state trooper K.D. Garner engaged in pursuit, during which the vehicles exceeded speeds of 100 miles per hour. After stopping appellant’s car and approaching it, Garner detected a strong odor of alcohol and suspected that appellant was intoxicated. The trooper took appellant to the patrol car and informed him that he was under arrest for reckless driving.
While Garner was warming up an alcohol sensor device, the appellant got out of the car. The trooper tried to stop him but appellant jerked away and “took off” in his car. This time, appellant did not speed, but he would not stop in response to the blue light, a spotlight and the siren. The trooper repeatedly tried to block appellant’s vehicle but was unable to do so until the appellant drove up into his own yard. Appellant then picked up a stick of wood, the trooper radioed for assistance, and a struggle ensued. Officers from the Marion Police Department arrived and assisted the trooper. The four of them succeeded in getting the appellant into the patrol car, but not before two of the officers suffered bites from the appellant.
I
The appellant first contends that his initial arrest was unlawful under the provisions of Code of Alabama 1975, § 32-1-4, which provides that upon being arrested for a traffic violation, a person shall be released from custody upon giving written bond unless that person is “charged with an offense causing or contributing to an accident resulting in injury or death to any person ...” or that person is “charged with driving while under the influence of intoxicating liquor or of narcotic or other drugs ...” or unless “the arresting officer shall have good cause to believe [the arres-tee] has committed any felony....”
The officer in this case had informed the appellant that he was under arrest for reckless driving. Garner said he was getting the alcohol sensor ready to administer an alcohol test. Presumably the outcome *664 of this test would have determined whether or not the charge to be brought against appellant was DUI.
The trooper in question possessed a clear understanding of this statute, as shown by the following questions and answers from the trial transcript:
“Q: All right. Now Trooper Garner, I got confused earlier. You said something about people signing a bond when there was a traffic violation.
Yes. <J
What did you mean by that exactly? O’
When we issue a citation for speeding or reckless driving, we allow a person to sign an appearance bond.
And they aren’t arrested and taken to Jail? £>
It’s actually an arrest, but they’re allowed to sign their own bond.
What about if you have an opinion as to whether or not someone is intoxicated, what do you do? <y
They’re brought in. <d
Where are they brought in to? o*
Brought in to the Police Department.” <⅞
It is apparent that if the appellant had proved to be intoxicated, the trooper intended to take him to jail. If he had proved not to be intoxicated, the trooper intended to allow him to sign an appearance bond at the place of arrest. A law enforcement officer is justified in effecting an arrest for reckless driving after observing a driver speeding and weaving on the road. No doubt many DUI cases begin in precisely this manner.
II
Appellant further contends that the record fails to indicate that he was given an opportunity to speak before sentence. Even though the court reporter’s transcript does not show the allocutus, the judgment entry at page 96 of the record does. In the case of Tuberville v. State, 348 So.2d 868 (Ala.Cr.App.1977), Judge Bookout states:
“In a felony case the judgment entry must show the allocutus. McCray v. State, 46 Ala.App. 588, 246 So.2d 475 (1971). The judgment entry in “the instant case satisfies that requirement of the law.”
Thus, wc find no merit in appellant’s contention.
Ill
Finally, the appellant contends that the sentence given him was illegal. The maximum sentence for escape in the third degree is 1 to 10 years’ imprisonment in the penitentiary according to § 13A-10-33, Code of Alabama 1975, which defines escape as a Class C felony. The sentence in this case was ten years’ imprisonment. This is a legal sentence for the offense. It appears however, that the sentencing was performed with the intent to apply the Habitual Felony Offenders Act for purposes of enhancement.
The record shows that the district attorney gave notice of intention to proceed under the Habitual Felony Offenders Act and told the court that appellant had committed two prior felonies both in Perry County, Alabama, and both resulting in five-year sentences. There is, however, an absence of any proof of these prior convictions in the record. We must consider that in the absence of these prior felonies, the sentence might have been different. The sentence enhancement provided for under § 13A-5-9 is as follows:
“In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows: “(1) On conviction of a Class C felony, he must be punished for a Class A felony;
[[Image here]]
The sentencing court, relying on the representations of the district attorney, was under the impression that ten years was the least penalty provided by law in *665 this case. In fact, it was the greatest penalty provided by law, unless there was proof of prior felonies, and since no proof of appellant’s prior convictions appears in the record, the case is remanded to the trial court for resentencing.
The state’s motion to supplement the record by adding certified copies of the prior convictions seeks to add judgment entries in cases CC-77-69 and CC-81-141, Perry County, Alabama. These judgment entries are properly certified by the clerk of the circuit court. There is no contention that they were offered in evidence previous to sentencing in this case. The issue presented therefore, is whether a defendant’s punishment may be enhanced under the Habitual Felony Offenders Act by reference to prior convictions, certified copies of which are not offered until after appeal is perfected. We hold that the state’s burden of proof in the trial court is not met by providing certified 'copies of the convictions to the appellate court.
AFFIRMED; REMANDED FOR SENTENCING.
All the Judges concur.