The appellant, Debra Jo Carter Thomas, was indicted with felony possession of marijuana in 1984 and in 1986, was again indicted for felony possession of marijuana after a search of her residence. The two cases were consolidated for trial and the appellant was found not guilty in the first case. In the second case the jury found the defendant not guilty of the offense of felony possession of marijuana, but guilty of the lesser included offense of possession of marijuana for personal use. The appellant was fined $500 and sentenced to 12 months of hard labor; however, her sentence was suspended and she was conditionally placed on probation.
 I
The appellant alleges that the State failed to prove a prima facie case of constructive possession because "there was no direct evidence that she resided in the home or knew the substance was present." However, the record indicates that Tom Barnes, of the Shelby County Sheriff's Department, testified that he typed up the search warrant for "the residence of Debbie Jo Carter." He indicated that he knew of his own personal knowledge where her residence was located and that the marijuana was found at her residence. Barnes testified that when he knocked on the door of the residence he heard people "shuffling and running around" and that no one immediately came to the door. The appellant and Anthony Rovendo were the only persons present in the residence. There were two bedrooms in the residence; the smaller bedroom appeared to be that of a child and the larger had personal clothing that would normally be worn by an adult female. A metal can was found in a closet in the larger bedroom; that can contained a plastic bag with "a green substance with also partially smoked cigarettes." A paper bag was sitting on top of the metal can and in the paper bag was another plastic bag, which contained "a leafy green material." Ninety-six marijuana cigarette butts and 3.40 grams of plant material, which proved to be marijuana, were recovered. The appellant and Anthony Rovendo were then arrested for possession of marijuana.
 "Constructive possession may be determined by weighing facts tending to support a defendant's necessary control over the substances against facts which demonstrate a lack of dominion and control. [Citation omitted.] Where contraband is seized within a residence, as it was here, constructive possession can only arise 'where the prohibited material is found on the premises owned or controlled by the appellant.' [Emphasis added.] Williams v. State, Ala. Cr. App., 340 So.2d 1144, cert. denied, Ala., 340 So.2d 1149 (1976)."
Crane v. State, 401 So.2d 148, 149 (Ala.Cr.App. 1981), cert. denied, 401 So.2d 151 (Ala. 1981). See also Donahoov. State, 505 So.2d 1067 (Ala.Cr.App. 1986).
" 'The kinds of circumstances which may provide a connection between a defendant and the contraband are unlimited and will naturally depend on the facts of each particular case.'Cason v. State, 435 So.2d 200 (Ala.Cr.App. 1983)."Spears v. State, 500 So.2d 96 (Ala.Cr.App. 1986).
 "In McCord v. State, Ala. Cr. App., 373 So.2d 1242 (1979), constructive possession was proved by an officer testifying that: (1) he knew of his own personal knowledge that the accused resided at the residence, (2) he saw letters in the house addressed to the accused at that address, and (3) he observed the accused dress with clothes from the closet in the bedroom where the contraband was found."
Crane v. State, supra, at 149.
Furthermore, "it is clear that the State presented sufficient circumstantial evidence from which it could be fairly inferred that the defendant knew of the existence of . . . marijuana."Donahoo v. State, 505 So.2d 1067 (Ala.Cr.App. 1986).
 " 'While mere proximity to contraband is not enough to establish constructive possession, "where other circumstantial evidence . . . is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence will support a finding of guilt on such *Page 312 
charges." United States v. Whitmire, 595 F.2d 1303, 1316 (5th Cir. 1979). "[I]f presence at the time and place a crime is committed, in conjunction with other facts and circumstances tend to connect the accused with the commission of the crime, then the jury may find the accused guilty." Dolvin v. State, 391 So.2d 133, 137 (Ala. 1980); Kimmons v. State, 343 So.2d 542 (Ala.Cr.App. 1977).' "
Shaneyfelt v. State, 494 So.2d 804, 806
(Ala.Cr.App. 1986).
In Shaneyfelt, the court found that based upon the facts of that case, the appellant's guilt was a question for the jury. The court further found that "the activity in the living room, (i.e., moving around, saying 'police') just prior to the officers' entry, also tends to connect the appellant with the contraband to show constructive possession."Shaneyfelt v. State, supra, at 806, citing Smithv. State, 457 So.2d 997 (Ala.Cr.App. 1984). The appellant in the present case admitted that she owned the trailer at the time she was arrested. Further, Officer Barnes testified that he knew that the appellant resided in the trailer and that after he knocked at the door of the trailer and announced his presence he heard people scuffling around for several minutes before anyone would answer the door. Based upon the testimony of both the appellant and Officer Barnes, the appellant's argument must fail.
 II
The appellant argues that she was denied her rights to due process because the trial court failed to give her an opportunity to be heard on pretrial motions. Specifically, the appellant argues that "[i]nspite of repeated requests, the defendant's motions were either not ruled upon or continued until the time of trial." Under Rule 16.4, Alabama Temporary Rules of Criminal Procedure, "[a] motion raising defenses or objections made before trial pursuant to this rule shall be determined before trial, unless the court for good cause orders that it be deferred for determination at the trial on the merits." The record indicates that after a jury venire was sworn, the defense counsel asked the judge to rule on his pretrial motions. The trial court responded that a pretrial conference had been held in order for the parties to address such matters. The court further stated that, when asked, the defense counsel responded that he was "ready subject to the Motions to Suppress," which the parties agreed would be heard at the time of trial. The trial judge therefore denied the other motions. Thus, the motions were ruled upon, and we find no abuse of discretion or impropriety in the denial of these motions.
The appellant argues that the consolidation of the two cases was improper. However, under Rule 15.3(a), Alabama Temporary Rules of Criminal Procedure, "[t]wo or more offenses may be joined in an indictment, information, or complaint, if they:
"(i) are of the same or similar character; or
 "(ii) are based on the same conduct or are otherwise connected in their commission; or
 "(iii) are alleged to have been part of a common scheme or plan."
The cases that were joined both charged the appellant with possession of marijuana. "Clearly this was a proper case for joinder. The offenses are the same and are based on the same type of conduct by the same offender." Butler v.State, 439 So.2d 210, 211 (Ala.Cr.App. 1983).
The appellant also complained that the State should have disclosed the identity of the informant who provided the information upon which the search warrant was based.
 " 'The general rule is that the prosecution is privileged to withhold from the accused the identity of an informer. . . . The court in Kilgore v. State, 50 Ala. App. 501, 503, 280 So.2d 206, 208 (Ala.Cr.App. 1973), stated the following: "Public policy forbids the disclosure of an informant's identity unless it is essential to the defense set up by the accused and is necessary to show his innocence." [Citations omitted.] The United States Supreme Court, in Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 627, *Page 313 1 L.Ed.2d 639 (1957), expanded upon the State's privilege to withhold the identity of informers as follows: "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." ' "
Ex parte Hammond, 510 So.2d 153, 154 (Ala. 1987). The appellant has made no showing that knowledge of the informant's identity was essential to her defense and necessary to show her innocence.
The appellant made a pretrial motion to quash the evidence taken during the search, and a hearing was held during the trial to determine the validity of the search warrant. Sergeant Barnes testified that he received the information from a confidential informant and testified to the reliability of this informant. The issuing magistrate was shown sufficient probable cause for the warrant based upon the totality-of-the-circumstances test, in light of all the information before him, including the credibility of the informer and the basis of his knowledge. Illinois v.Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527
(1983). See also Massachusetts v. Upton, 466 U.S. 727,104 S.Ct. 2085, 80 L.Ed.2d 721 (1984).
The appellant also argues that the trial court improperly denied her the opportunity to prove that the State was in violation of the discovery order. However, the record indicates that the defense counsel was provided with all of the requested materials before trial. Thus, the appellant's claim is apparently based on the timeliness of the discovery.
 "The appellant provides no evidence that the untimeliness of the State's compliance prejudiced her case. Moreover, this court has found that even if the State failed to comply with an order for discovery, the items may still be admissible because the State offered the defense counsel an opportunity to inspect and examine them in accordance with Rule 18.5(a), Alabama Temporary Rules of Criminal Procedure. Clemons v. State, 491 So.2d at 1060 (Ala.Cr.App. 1986)."
Robinson v. State, [Ms. 1 Div. 53, October 14, 1986] (Ala.Cr.App. 1986). The appellant argues that the Sheriff's Department selectively served venire persons. Specifically, the defense counsel indicated that out of a list of "almost a hundred" potential jurors, only 50 were present and therefore the appellant was denied her right to a representative sample and a fair jury venire. The drawing, selecting, and impanelling of a jury in a criminal case are governed by § 12-16-100,Code of Alabama (1975). This section requires that a strike list or lists be compiled from the names appearing on the master strike list and that "names of qualified jurors may be omitted on a nonselective basis." This section addresses the number of venire persons required to be present:
 "The number of names appearing on the strike list upon commencement of striking, unless a lesser number is agreed to by the parties, shall not be less than 36 if the offense charged is a capital felony nor less than 24 if the offense charged is a felony not punished capitally nor less than 18 if the offense charged is a misdemeanor or violation. In the event the list of competent prospective jurors is reduced to fewer than the number required by this subsection [§ 12-16-100(a)], the court shall add prospective jurors in the manner prescribed in Section 12-16-76."
The record indicates that 50 potential jurors were present for selection, and the appellant has failed to demonstrate that she was prejudiced thereby. See Wilson v. State,47 Ala. App. 527, 258 So.2d 61, 62 (1972) ("Further, the objection here was directed solely to the number of jurors present, and the undisputed testimony was that fifty were present in court").
The appellant further argues that the trial court committed error by amending her sentence without notice, hearing, or consent. The record indicates that the appellant's sentence of 12 months' hard labor was suspended and she was placed on supervised *Page 314 
probation for two years, "conditioned on her obeying the law, paying the fine and court costs within 60 days and complying with the instructions of the Probation Officer in regard to attending a Drug Abuse Program and undergoing drug testing surveillance as directed by Probation Officer." The following day, the trial court added: "As an additional condition of probation, the defendant shall be gainfully employed and shall repay court appointed attorney's fees in equal monthly installments."
The "power of the courts to grant probation is a matter of grace, and lies entirely within the sound discretion of the trial court. Sparks v. State, 40 Ala. App. 551,119 So.2d 596 (1959), cert. denied, 270 Ala. 488, 119 So.2d 600
(1960); Smitherman v. State, 340 So.2d 896
(Ala.Crim.App.), cert. denied, 340 So.2d 900 (Ala. 1976)."Wray v. State, 472 So.2d 1119, 1121 (Ala. 1985). The Alabama Supreme Court in Ex parte Wray, stated that "the court's grant and reconsideration of probation was not a resentencing." Id. at 1121. Under Section 15-18-8(c),Code of Alabama (1975), "[t]he court may revoke or modify any condition of probation or may change the period of probation." The appellant's probation was neither revoked nor extended; therefore, the requirements of Armstrong v.State, 294 Ala. 100, 312 So.2d 620 (1975), were not applicable.
AFFIRMED.
All the Judges concur. *Page 681