JAMES H. FAULKNER, Retired Justice.
On August 15, 1991, the police executed a search warrant for the appellant’s house. As a result of that search, a delinquency petition was filed on August 19, 1991, charging the appellant with unlawful possession of cocaine. On August 19, 1991, a detention hearing was held, and the trial *482 court ordered the appellant to remain in detention pending further court hearings. On September 19,1991, a hearing was held, and the trial court adjudged the appellant a juvenile delinquent and committed him to the Department of Youth Services. The court also ordered that the appellant be released from detention to attend a 42-day in-patient chemical dependency program to be followed by 2 years of aftercare. Should the appellant fail to successfully complete the dependency program, he would be returned to the Department of Youth Services. The appellant was ordered placed on probation until he completed the program.
The sole issue raised on appeal is whether there was sufficient evidence to support the trial court’s adjudication of delinquency-
The appellant contends that the evidence of delinquency was insufficient because, he argues, 1) there was no evidence presented that he had any controlled substances in his actual possession at the time of his arrest; 2) he cannot be held to have joint constructive possession of a controlled substance found in the bedroom that he shared with his 18-year-old brother where there was no physical evidence or testimony that connected the appellant to the cocaine found there; and 3) the mere fact that the controlled substance was found in the room where he slept was not sufficient evidence of possession of the controlled substance. We disagree.
In testing the sufficiency of the evidence, the State’s evidence must be received as true and viewed in a light most favorable to the State. McConnell v. State, 429 So.2d 662 (Ala.Cr.App.1983). The State, moreover, must be accorded all legitimate inferences arising from the evidence presented. White v. State, 546 So.2d 1014 (Ala.Cr.App.1989).
The Opelika Police Department obtained a warrant to search the premises at 1505 Speedway Drive in Opelika. The premises were the residence of Mrs. Faye Lockhart and her two sons, the appellant, who was 17 years old and his brother Stanley Harris, who was 18 years old. When the six officers arrived at the premises, Stanley Harris was standing in the front yard with four other young men. The officers found the appellant inside the house in the bathroom, and two other young men were also found inside the house. The officers secured these persons outside the house and proceeded to search the premises.
According to Detective Popwell, who seized all the evidence obtained from a search of the premises, the following items were recovered from the bedroom shared by the appellant and his brother during the search: 1) a small aluminum foil packet containing some green vegetable matter later determined to be marijuana was found on top of the space heater; 2) two small plastic Ziplock or “jewelers” bags containing cocaine residue were found in the fourth drawer of the dresser; 3) three pills determined to be Phenobarbital, a schedule 4 substance, were found in the second drawer of the dresser; 4) a rock-like substance, cocaine residue, and a razor blade were found on a plate hidden between the mattress and box springs of the top bunk of the bunk beds; and 5) a film canister containing crack cocaine residue was found hidden between the mattress and box springs of the top bunk of the bunk beds.
Another officer testified that a canister of Pringles brand potato chips and a plastic Ziplock bag containing crack cocaine residue were found in the shrubbery directly outside the window of the bedroom shared by the appellant and his brother. This officer also testified that there were several empty small plastic Ziplock or “jewelers” bags located “in plain view” in the bedroom shared by the appellant and his brother.
Because the appellant was not in exclusive control of the premises from which the cocaine was seized and because no contraband was found on his person, the State had to establish that the appellant was in constructive possession of the cocaine in order to sustain the trial court’s adjudication of delinquency based upon the charge of unlawful possession of cocaine.
To establish possession, the State must prove: 1) actual or potential control, *483 2) intention to exercise dominion, 3) knowledge of the presence of the drugs, and 4) an external manifestations of intent and control. Eady v. State, 495 So.2d 1161 (Ala.Cr.App.1986). “Where constructive possession is relied on the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance.” Temple v. State, 366 So.2d 740, 741 (Ala.Cr.App.1978). The accused’s knowledge of the presence of the controlled substance may be proved by “ ‘his declarations, or admissions, and contradictory statements, and explanations made by him.’ ” Cason v. State, 435 So.2d 200, 202 (Ala.Cr.App.1983) (quoting 28 C.J.S. Supp., Drugs & Narcotics, § 204 (1974)).
Where illegal substances are found on premises under the control of the defendant, an inference may arise that the defendant had knowledge and that he was in possession of such drugs. Self v. State, 564 So.2d 1023 (Ala.Cr.App.1989), writ quashed, 564 So.2d 1035 (Ala.1990). A defendant’s mere presence in the building where an illegal substance was found will not, however, support a conviction for possession of a controlled substance unless the State introduces other evidence supporting the defendant’s possession, and the types of circumstantial evidence necessary to show possession will vary with each case. Perry v. State, 534 So.2d 1126 (Ala.Cr.App.1988).
The State offered the following circumstantial evidence of the appellant’s constructive possession of the cocaine: the appellant shared the dresser where the Ziplock bags containing cocaine residue and Phenobarbital pills were found; the appellant shared the bunk beds where the plate, razor blade, and crack cocaine were found hidden between the mattress and box springs; the foil packet containing marijuana was in plain view on a space heater in the small bedroom shared by the appellant and his brother; several empty Ziplock bags were in plain view in the bedroom; and the potato chip canister and a plastic Ziplock bag containing cocaine residue were found in the shrubbery immediately outside of the bedroom window.
Perhaps the most damaging evidence showing constructive possession is contained in the testimony of Officer Helton, who took a statement from the appellant after he had been Mirandized and had indicated that he understood his rights and wanted to waive them. In this statement, that appellant admitted that his brother Stanley had a plate under a bunk bed where they sometimes kept crack cocaine and that Stanley had some small plastic bags of cocaine in their bedroom. The appellant also told the police that the crack cocaine found in the shrubbery outside their house belonged to Kevin Pitts, who had brought the cocaine over to their house to sell. In this statement, the appellant denied using cocaine but admitted to selling cocaine in the past before his mother told him to stop.
Because the appellant clearly admitted in his statement that both he and his brother kept crack cocaine on the plate hidden in the bunk beds and that the appellant had knowledge of the cocaine hidden in his bedroom and in the shrubbery outside his bedroom, there was clearly sufficient evidence to sustain the trial court’s adjudication of delinquency based upon the charge of unlawful possession of cocaine.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.